**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| KATHRYN HIESTER and CHRISTOPHER HIESTER, JOHN HIESTER, JEAN DANOWITZ, as Guardian for M. DANOWITZ, a Minor; CATHERINE PARMAR and RATNADEEP PARMAR, and MERU PARMAR | : | CIVIL ACTION NO. 25-4502 |
| vs. | : | |
| SCHOOL DISTRICT OF PHILADELPHIA; RICHARD GORDON, IV; KIANA THOMPSON; RASHIDA STAMPS; KRISTIN LUEBBERT; and KEZIAH RIDGEWAY, | : | |

**ORDER**

AND NOW, this ________________ day of ________________________, 2026, upon consideration of Defendants, Kristin Luebbert and Keziah Ridgeway's Motion to Dismiss Plaintiffs' Amended Complaint, and any response thereto, it is hereby **ORDERED** and **DECREED** that Defendants' Motion is **GRANTED**.

It is **ORDERED** and **DECREED** that Plaintiffs' Amended Complaint against Kristin Luebbert and Keziah Ridgeway is **DISMISSED WITH PREJUDICE**.

BY THE COURT:

_________________________________
J.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| KATHRYN HIESTER and CHRISTOPHER HIESTER, JOHN HIESTER, JEAN DANOWITZ, as Guardian for M. DANOWITZ, a Minor; CATHERINE PARMAR and RATNADEEP PARMAR, and MERU PARMAR | : | CIVIL ACTION NO. 25-4502 |
| vs. | : | |
| SCHOOL DISTRICT OF PHILADELPHIA; RICHARD GORDON, IV; KIANA THOMPSON; RASHIDA STAMPS; KRISTIN LUEBBERT; and KEZIAH RIDGEWAY, | : | |

**DEFENDANTS, KRISTIN LUEBBERT AND KEZIAH RIDGEWAY'S MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT**

Defendants, Kristin Luebbert and Keziah Ridgeway, by and through their counsel, Marshall Dennehey, P.C., respectfully move to dismiss Plaintiffs' Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). In support thereof, Kristin Luebbert and Keziah Ridgeway submit the attached Memorandum of Law.

Respectfully submitted,
**MARSHALL DENNEHEY, P.C.**

BY: ______________________
LEE C. DURIVAGE
Attorney ID No. 205928
MARY N. YURICK
Attorney ID No. 313172
2000 Market Street, Suite 2300
Philadelphia, PA 19103

Attorneys for Defendants: Kristin Luebbert and Keziah Ridgeway

Dated: January 27, 2026

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| KATHRYN HIESTER and CHRISTOPHER HIESTER, JOHN HIESTER, JEAN DANOWITZ, as Guardian for M. DANOWITZ, a Minor; CATHERINE PARMAR and RATNADEEP PARMAR, and MERU PARMAR | : | CIVIL ACTION NO. 25-4502 |
| vs. | : | |
| SCHOOL DISTRICT OF PHILADELPHIA; RICHARD GORDON, IV; KIANA THOMPSON; RASHIDA STAMPS; KRISTIN LUEBBERT; and KEZIAH RIDGEWAY, | : | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS, KRISTIN LUEBBERT AND KEZIAH RIDGEWAY'S MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT**

## I. INTRODUCTION

Defendants, Keziah Ridgeway and Kristin Luebbert ("Moving Defendants"), by and through their counsel, respectfully submit this Memorandum of Law in support of their Motion to Dismiss Plaintiffs' Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). In support thereof, Defendants aver as follows:

## II. FACTUAL BACKGROUND

Plaintiffs filed an Amended Complaint on January 6, 2026 (hereinafter referred to as the "Complaint") that asserts the following claims: Count I, Violations of the Establishment and Free Exercise Clauses under 42 U.S.C. § 1983; Count II, Violation of the Liberty Interest in Reputation under 42 U.S.C. §1983 and the Due Process Clause of 14th Amendment; Count III, Violation of Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d et seq.; and Count IV, Deprivation of Due Process 42 U.S.C. § 1983. The only claims made against Moving Defendants are at Count II,

Violation of the Liberty Interest in Reputation pursuant to Section 1983 and the Due Process Clause of 14th Amendment. *See generally,* Plaintiff's Amended Complaint (ECF Doc. No. 17). During the events giving rise to the Complaint, Moving Defendants were teachers in the School District of Philadelphia ("SDP") but did not teach at the Minor Plaintiffs' school. Rather, Ms. Ridgeway was a teacher at Northeast High School and Ms. Luebbert was a teacher at The U School. *See* ECF Doc. No. 17, at ¶¶ 39-40.

Plaintiffs are John Hiester ("J. Hiester"), who was sixteen at the time of the events in question and who is now eighteen; Kathryn Hiester ("K. Hiester") and Christopher Hiester ("C. Hiester"), the parents of J. Hiester ( hereinafter referred to collectively as "Hiester Plaintiffs"); Jean Danowitz as guardian of the minor M. Danowitz ("Danowitz Plaintiff"); and Meru Parmar ("M. Parmar"), Catherine Parmar ("C. Parmar") and Ratnadeep Parmar ("R. Parmar"), parents of M. Parmar (hereinafter referred to collectively as "Parmar Plaintiffs"). (Plaintiffs J. Hiester, M. Danowitz and M. Parmar will hereinafter be referred to collectively as "the student Plaintiffs")

While it is hard to ascertain exactly what Plaintiffs are actually asserting in their Amended Complaint because it is verbose, rambling, and full of unsupported opinions and made up conspiracies, the Plaintiffs J. Hiester and M. Parmar were students at the Defendant SDP school, the Academy at Palumbo High School ("Palumbo"). ***Id.*** at ¶¶26; 30. The minor Plaintiff M. Danowitz was not a student at Palumbo and was on Palumbo school grounds on June 10, 2024 without permission. ***Id.***, at ¶ 55. Plaintiffs seem to be basing their claims on their allegations that the Palumbo school favored, supported and "even promoted "Islam, Muslims, and anti-Zionists" and "promoted and/or tolerated an atmosphere of hostility towards Zionism, the Jewish state, and towards Zionist, including but not limited to Jewish and non-Jewish students who support Israel." ***Id.***, at ¶¶ 41-42.

However, the underlying incident that precipitated the events that Plaintiffs describe in their Amended Complaint occurred on June 11, 2024, wherein the student Plaintiffs went into a quiet room/prayer room in the school library while several female Muslim students were in the room praying. *See generally*, ***Id.***, at Exhibit "5" to Plaintiff's Amended Complaint. The female Muslim students claim that the student Plaintiffs came into the room and engaged in behaviors that the school investigation determined to be "harassing." ***Id.***, at ¶ 180 and Exhibit 5, at Page 108 and Exhibit 18. As a result of the behaviors engaged in by the student Plaintiffs, the student Plaintiffs that were actually students at Palumbo, J. Hiester and M. Parmar, were disciplined and suspended for violating the school Code of Conduct. ***Id.***, at ¶ 114.

As Moving Defendants were not teachers at Palumbo, they had zero involvement in the incident involving the minor Plaintiffs nor in the subsequent investigation and discipline of the student Plaintiffs. *See generally*, ***Id.***. The first allegation Plaintiffs make regarding Defendant Luebbert relates to Luebbert's personal, public comment at a school board public meeting in her private and personal capacity, not as a representative of the SDP. ***Id.***, at ¶¶ 135-136. The second, and final, allegation Plaintiffs make regarding Defendant Luebbert relates to alleged, unverified comments/and or posts supposedly made by Defendant Luebbert from her personal Instagram account that she wrote during her personal time and not as a representative of the SDP, in which she expressed her personal horror about the incident that occurred at Palumbo. ***Id.***, at ¶ 139. Defendant Luebbert did not herself name the Minor Plaintiffs but allegedly re-shared a public social media post that contained the Student Plaintiffs' names. ***Id.***

Plaintiffs' also point to a post on "X" wherein Defendant Ridgeway allegedly made a personal post about Defendant Luebbert's public comment at the school board meeting, which was then shared by an unrelated "X" account called "UncommittedPA" and allegedly shared by

Defendant Luebbert with a link to her public comment. ***Id.***, at ¶¶ 140-141; *see also*, Exhibits 12 and 13 to Plaintiffs' Amended Complaint. Each of the referenced social media posts/shares and school board meeting public comments attributed to Moving Defendants Luebbert and Ridgeway were made outside of their employment with the SDP, as private citizens, and were not in any way made as representatives of the SDP. Plaintiffs have not, and in fact cannot, claim otherwise. Further, Plaintiffs' Amended Complaint does not allege that Moving Defendants personally named the Student Plaintiffs in social media posts or public comments at the school board meeting. At best, Plaintiffs' Amended Complaint alleges that Defendant Luebbert reshared a public social media post that allegedly contained the Student Plaintiffs' names.

The Parmar and Hiester Plaintiffs claim that as a result of the repercussions of the minor Plaintiffs' actions during the incident at Palumbo in June 2024, they had to "flee" Philadelphia and the SDP. ***Id.***, at ¶¶ 178-179. As a result, Plaintiffs contend, without any basis, at Count II that Defendants "not only damaged the liberty interest in reputation of each of the non-Muslim students at issue in this case, but also breached the rights of JOHN HIESTER and MERU PARMAR to attend the public schools of the district of their residence, and the rights of each HIESTER and PARMAR Plaintiff to choose for themselves where in the United States to reside." ***Id.***, at ¶ 214.

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint for failure to state a claim upon which relief may be granted. *Fed. R. Civ. P. 12(b)(6)*. The purpose of a 12(b)(6) motion is to test the legal sufficiency of the complaint and to "streamline litigation by dispensing with needless discovery and fact finding." ***Neitzke v. Williams****, 490 U.S. 319, 326-27 (1989);* ***Holder v. City of Allentown****, 987 F.2d 188, 194 (3d. Cir. 1993)*. Therefore, when it appears from the face of the pleading that a plaintiff can prove no set of facts that would entitle

him to relief, the court must dismiss plaintiff's claims. *See* ***Hishon v. King & Spalding***, *467 U.S. 69, 73 (1984)*.

Further, a complaint may be dismissed "if it does not allege 'enough facts to state a claim to relief that is plausible on its face.'" *See* ***Odom v. Erie Ins. Exchange***, *2008 WL 5188828, at *1 (W.D. Pa. Dec. 10, 2008)*; *see also* ***Bell Atlantic Corp. v. Twombly***, *550 U.S. 544 (2007)*; ***Ashcroft v. Iqbal***, *129 S. Ct. 1937, 1953 (2009)* (stating that the decision in ***Twombly*** "expound[s] the pleading standard for 'all civil actions'). Indeed, the United States Supreme Court has equivocally determined that the pleading standard under Federal Rule of Civil Procedure 8 demands more than an "unadorned, the defendant-unlawfully-harmed-me accusation." ***Iqbal***, *129 S. Ct. at 1949*. Moreover, a pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." ***Id.*** Nor does a complaint suffice if it tenders "'naked assertion[s]' devoid of 'further factual enhancement.'" ***Id.***, *citing* ***Twombly***, *at 557*; *see also* ***Evancho v. Fisher***, *423 F.3d 347, 351 (3d. Cir. 2005) citing* **In Re Burlington Coat Factory Sec. Litig.**, *114 F.3d 1410, 1429-30 (3d. Cir. 1997)* (stating that "a court need not credit either 'bald assertions' or 'legal conclusions' in a complaint when deciding a motion to dismiss").

The Court must conduct a two-part analysis to determine if Plaintiffs' Complaint can survive the instant Motion to Dismiss. ***Fowler v. UPMC Shadyside***, 578 F.3d 203, 210-211 (3d Cir. 2009). First, the Court must separate the factual and legal elements of Plaintiffs' claims, accepting all of Plaintiffs' well-pleaded facts as true while disregarding any legal conclusions. ***Id.*** Second, the Court must then determine if the facts alleged in Plaintiffs' Complaint are sufficient to show that Plaintiffs' have a "plausible claim for relief." ***Id.*** The Complaint "must do more than allege the plaintiff's entitlement to relief" by showing such entitlement with facts. ***Id.*** In conclusion, in order to defeat a motion to dismiss, a complaint must "raise a reasonable expectation

that discovery will reveal evidence of the necessary element[s].” ***Thompson v. Real Estate Mortg. Network,*** 748 F.3d 142, 147 (3d Cir. 2014).

Where, as here, Plaintiffs have not alleged a facially plausible claim for their entitlement to relief against Moving Defendants, Plaintiffs’ Amended Complaint must be dismissed as to Moving Defendants, Keziah Ridgeway and Kristin Luebbert, as a matter of law.

## IV. ARGUMENT

### A. Plaintiffs’ Claims Against Moving Defendants for Violations of Liberty Interest in Reputation Must be Dismissed Pursuant to Federal Rule of Civil Procedure 12(b)(6)

The only claims against Moving Defendants in Plaintiffs’ Amended Complaint are at Count II of the Complaint. Specifically, the Hiester Plaintiffs and the Parmar Plaintiffs each assert a Section 1983 claim of “Violation of the Liberty Interest in Reputation” against Moving Defendants.

A plaintiff asserting a claim under Section 1983 must allege a person acting under color of state law engaged in conduct that violated a right protected by the Constitution or laws of the United States. ***Nicini v. Morra***, *212 F. 3d 798, 806 (3d Cir. 2000)*. “The first step in evaluating a Section 1983 claim is to ‘identify the exact contours of the underlying rights said to have been violated’ and to [then] determine ‘whether the plaintiff has alleged a deprivation of a constitutional right at all.’” ***Id.***, *quoting* ***Cnty. of Sacramento v. Lewis***, *523 U.S. 833, 841 n. 5 (1998)*.

The Third Circuit is clear that “‘reputation *alone* is not an interest protected by the Due Process Clause.’ ***Clark v. Twp. of Falls,*** 890 F.2d 611, 619 (3d Cir. 1993) (citing ***Paul v. Davis,*** 424 U.S. 693, 701–12 (1976)) (emphasis added). ‘Rather, to make out a due process claim for deprivation of a liberty interest in reputation, a plaintiff must show a stigma to his reputation *plus*

deprivation of some additional right or interest.'" ***Dee v. Borough of Dunmore***, 549 F.3d 225, 233–34 (3d Cir. 2008). The Courts refer to this as the "stigma-plus" test. ***Id.***

"To satisfy the "stigma" prong of the test, it must be alleged that the purportedly stigmatizing statement(s) (1) were made publicly, and (2) were false." (internal citations omitted). ***Hill v. Borough of Kutztown***, 455 F.3d 225, 236 (3d Cir. 2006). "To satisfy the "plus" element of the test, [p]laintiff must show the alteration or extinguishment of a right or status previously recognized by state law." ***Donovan v. Pittston Area Sch. Dist.***, 218 F.Supp.3d 304, 313 (M.D. Pa. 2016), aff'd, 717 Fed. Appx. 121 (3d Cir. 2017). Further, a "*sine qua non* of a 'stigma-plus' suit is that the 'plus' must be the result of state action directly affecting the plaintiff's rights or status under the law. The fact that state action may be involved in the 'stigma' (i.e., defamation) is not of itself sufficient to maintain the action." ***Mathews v. Abington Heights Sch. Dist.***, 2024 WL 711610, at *8 (M.D. Pa. Feb. 21, 2024), *quoting* ***Sullivan v. New Jersey***, 602 F. Supp. 1216, 1222 (D.N.J. 1985)*; see also* **Marcolongo v. School Dist. of Philadelphia**, 1999 WL 1011899, *8 (E.D. Pa. 1999) (dismissing plaintiff's Section 1983 claim premised on damage to student's reputation "by investigating her conduct and by initiating or considering disciplinary conduct against her," citing cases dismissing similar claims); ***Blatt v. Council Rock Taxpayers Ass'n, Inc.***, 1995 WL 567454 (E.D. Pa. 1995) (dismissing Section 1983 claim, noting that plaintiff "claim reveals itself to be nothing more than a camouflaged state law defamation claim" and "[plaintiff's] failure to establish that he was deprived of a federally secured right leaves this court with no alternative but to dismiss his § 1983 claim").

In the case at bar, Plaintiffs have failed to plead any facts that would demonstrate a "stigma-plus" claim. Specifically, the Amended Complaint does not state that Moving Defendants at any time personally named the Minor Plaintiffs; rather, the Complaint merely references that Moving

Defendants expressed opinions about the incident at Palumbo and that Defendant Luebbert allegedly re-shared a public social media post that allegedly contained the Student Plaintiffs' names. Even accepting Plaintiffs' well-pled facts, the fact that Moving Defendants never publicly personally named the Minor Plaintiffs - at best Defendant Luebbert allegedly re-shared a public social media post that allegedly contained the Student Plaintiffs' names - causes Plaintiffs' claim for "Violation of the Liberty Interest in Reputation" against Moving Defendants to fail on its face because Moving Defendants' comments and social media activity, in their personal capacity, regarding the Palumbo incident cannot cause "stigma" to Plaintiffs.

Similarly, Plaintiffs' Amended Complaint is also devoid of any allegations which would establish that either of the Moving Defendants published a materially false statement. Moving Defendants merely expressed their opinions in their personal capacity about an incident that occurred. Despite Plaintiffs' bald assertion that Moving Defendants made "accusations" against J. Hiester and M. Parmar, Plaintiffs' Amended Complaint lacks any factual support for this claim.

Further, Plaintiffs' Amended Complaint does not state facts which satisfy the "plus" element of the "stigma-plus" test. As the Court noted in ***Mathews,*** "the 'plus' must be the result of state action directly affecting the plaintiff's rights or status under the law." ***Id.*** The Hiester Plaintiffs and the Parmar Plaintiffs seem to be asserting that the "plus" part of the test is that they were "forced" to leave Palumbo and attend school elsewhere. ECF Doc. No. 1, at ¶ 209. However, there is no factual allegations that Moving Defendants "forced" them to do anything – to the contrary, it appears that they made the choice to move from Philadelphia of their own volition. Moreover, it is evident that Plaintiffs are attempting to assert a constitutional violation because they stopped attending the school of their choice. Of course, the Third Circuit has expressly determined that "students do not have a cognizable liberty or property interest in going to a school

of their choice." *See* ***Pocono Mountain Charter School v. Pocono Mountain School Dist.***, 442 Fed. Appx. 681, 685 n.5 (3d. Cir. 2011); *see also* ***Archer v. York City School Dist.***, 2014 WL 12884086, *8 (M.D. Pa. 2014) (stating that "[e]ven if Plaintiffs were deprived of a public education – and we observe that this action suggests no such deprivation – there is no federal constitutional right to a public education triggering due process protections under the United States Constitution"); ***Cole v. Central Greene School Dist.***, 2019 WL 7283130, *8, n.6 (W.D. Pa. 2019) (finding that "although Plaintiff has alleged his reputation was harmed as a result of his removal from school he has not sufficiently alleged a deprivation of an additional right or interest").

Further, the move by the Hiester Plaintiffs and Parmar Plaintiffs is not "*directly* connected to state action nor does it constitute the *extinguishment* of [the minor Plaintiffs'] right to a public education." ***Id.*** at *9. Plaintiffs do not, and cannot allege that any action by Moving Defendants, or any Defendant for that matter, directly affected any of the Plaintiffs' rights or status under the law. Therefore, Plaintiffs do not meet the stigma-plus test to assert a due process claim for deprivation of a liberty interest in reputation and their Amended Complaint as to Moving Defendants must be dismissed in its entirety, with prejudice.

By way of example, in ***Mathews***, the minor plaintiff was anonymously reported for allegedly planning a mass school shooting. ***Mathews***, 2024 WL 711610, at * 2. The Court found that any reputational damage caused by the defendant school district's allegedly mishandled investigation and communications regarding the minor student - including a teacher pointing at the minor student during class in front of a classroom of students and accusing him of planning to engage in a school shooting when the investigation found the claim to be false – did not rise to the level of a constitutional deprivation to support a stigma-plus claim. ***Id.***, at *9. The Court dismissed plaintiffs' claim for stigma-plus procedural due process. ***Id.*** In the case at bar, there are even less

facts to support a stigma-plus procedural due process claim. Specifically, Moving Defendants did not make comments in their capacity as teachers and they did not personally name the minor Plaintiffs. At best, the Amended Complaint merely alleges that Defendant Luebbert re-shared a public social media post that allegedly contained the Student Plaintiffs' names. Therefore, like in ***Mathews***, Plaintiffs have not met the "stigma" part of the test. As such, based on ***Mathews***, Plaintiffs' Complaint must be dismissed against Moving Defendants, with prejudice.

**B. The Hiester and Parmar Parent Have Failed to Allege Any Facts to Establish Individual Claims**

At Count II, Plaintiffs' Amended Complaint alleges that the claim for Violation of the Liberty Interest in Reputation is being brought by the Hiester Plaintiffs and the Parmar Plaintiffs. However, there are no facts alleged in the Complaint indicating that Moving Defendants violated any constitutional rights of either the Hiester parents or the Parmar parents. Moreover, both Hiester and Parmar have now reached the age of majority, such that parents' representative status is no longer necessary for purposes of the lawsuit. Accordingly, all claims against Moving Defendants brought by the Hiester and Parmar parents in their individual capacity must be dismissed, with prejudice.

**C. Moving Defendants are Entitled to Qualified Immunity**

It is well-established that state actors sued in their individual capacity are entitled to qualified immunity "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would know." ***Harlow v. Fitzgerald***, *457 U.S. 800, 818 (1982)*. A court analyzing a qualified immunity defense "must determine (1) whether the facts alleged by the plaintiff make out a violation of a constitutional right, and (2) whether the right was clearly established at the time of the injury." ***Mann v. Palmerton Area Sch. Dist.***, *189 F.Supp. 3d 467, 478 (M.D. Pa. 2016)*. A state actors' "conduct violates clearly established law when, at the

time of the challenged conduct, the contours of a right are sufficiently clear that every reasonable official would have understood that what he is doing violates that right." ***Id.*** In order to determine whether the right has been clearly established, "[t]he Supreme Court has emphasized that 'we do not require a case directly on point before concluding that the law is clearly established, but existing precedent must have placed the statutory or constitutional question beyond debate.'" ***Id.***, *quoting* ***Stanton v. Sims***, *134 S.Ct. 3, 5 (2013)*. Indeed, the court in ***Mann*** found that a coach sued by a player who was injured was entitled to qualified immunity, noting that "no published opinion of the Third Circuit has found that a state-created danger arises when coaches fail to take certain precautions in athletic practice or in any analogous situation" so student's "right was not clearly established at the time of his injury." ***Id.*** *at 478-479*.

Here, as noted above, Plaintiffs have failed to demonstrate that there was a violation of their constitutional rights by Moving Defendants. Assuming *arguendo* that Plaintiffs did set forth a basis for a finding that their constitutional rights were violated, they have nonetheless failed to demonstrate that "the right was clearly established at the time of the injury." Indeed, there does not appear to be a single case within the Third Circuit finding that statements by a public school teacher during public comment at a school board meeting give rise to a constitutional violation. Likewise, there does not appear to be a single case within the Third Circuit that has held that teachers' social media posts could give rise to a constitutional violation by students. As Plaintiffs cannot demonstrate that Moving Defendants caused a violation of a "clearly established" constitutional right of Plaintiffs, they are entitled to qualified immunity and all claims against Moving Defendants must be dismissed.

### D. <u>Plaintiffs Must Not Be Granted Leave to File an Amended Complaint as to Moving Defendants Because it Would be Futile</u>

In the Third Circuit, "if a civil rights complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile." ***Mathews***, 2024 WL 711610, at *9. Based upon the facts alleged in the case at bar, it is clear that any further amendment would be futile with respect to Plaintiffs' claims against the Moving Defendants. Therefore, Plaintiffs' Amended Complaint must be dismissed against the Moving Defendants and Plaintiffs' must not be granted leave to amend their Complaint as to Moving Defendants again.

## V. <u>CONCLUSION</u>

Based upon the foregoing, Moving Defendants, Keziah Ridgeway and Kristin Luebbert, respectfully request that this Honorable Court grant their Motion to Dismiss Plaintiffs' Amended Complaint and dismiss Plaintiffs' claims against them, with prejudice.

Respectfully submitted,

**MARSHALL DENNEHEY, P.C.**

BY:________________________________

LEE C. DURIVAGE
Attorney ID No. 205928
MARY N. YURICK
Attorney ID No. 313172
2000 Market Street, Suite 2300
Philadelphia, PA 19103
Phone: (215) 575-2584/(215) 575-2883
E-mail: lcdurivage@mdwcg.com/
mnyurick@mdwcg.com

Attorneys for Kristin Luebbert and
Keziah Ridgeway

Dated: January 27, 2026

**CERTIFICATE OF SERVICE**

I, Lee C. Durivage, Esquire, do hereby certify that a true and correct copy of Defendants, Keziah Ridgeway and Kristin Luebbert's Motion to Dismiss Plaintiffs' Amended Complaint was served upon plaintiff by ECF at the following address:

Lori Lowenthal Marcus, Esquire
Jerome M. Marcus, Esquire
**The Deborah Project**
P.O. Box 212
Merion Station, PA 19066
Attorney for Plaintiffs

**MARSHALL DENNEHEY, P.C.**

BY:______________________
LEE C. DURIVAGE
Attorney for Kristin Luebbert and
Keziah Ridgeway

Dated: January 27, 2026