## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KATHRYN HIESTER and CHRISTOPHER HIESTER, JOHN HIESTER, JEAN DANOWITZ, as Guardian for M. DANOWITZ, a Minor; CATHERINE PARMAR and RATNADEEP PARMAR, and MERU PARMAR | : : : : : : | CIVIL ACTION NO. 25-4502 |
| vs. | : : : | |
| SCHOOL DISTRICT OF PHILADELPHIA; RICHARD GORDON, IV; KIANA THOMPSON; RASHIDA STAMPS; KRISTIN LUEBBERT; and KEZIAH RIDGEWAY | : : : : | **JURY TRIAL DEMANDED** |

## DEFENDANTS, KRISTIN LUEBBERT AND KEZIAH RIDGEWAY'S REPLY IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT

### I.    INTRODUCTION

Like their Amended Complaint, Plaintiffs' Opposition presents a verbose, rambling response, full of unsupported opinions and conspiracy theories.[1]  Despite this tactic, Plaintiffs' Opposition merely recites bald legal conclusions and opinions about Kristin Luebbert and Keziah Ridgeway ("Moving Defendants"), without any actual factual or legal support, in an attempt to distract from the fact that they are unable to set forth a plausible claim against Moving Defendants for a Violation of Liberty Interest in Reputation.

For the reasons set forth in Moving Defendants' Motion to Dismiss Plaintiffs' Amended Complaint and the reasons discussed herein, it is clear that Moving Defendants' Motion must be granted and Plaintiffs' claims against the Moving Defendants must be dismissed with prejudice.

---

[1] "Plaintiffs" as used herein refers only to the Hiester and Parmar Plaintiffs as they are the only Plaintiffs asserting claims against Moving Defendants. *See* Count II of Plaintiffs' Amended Complaint, **ECF No. 17**.

II.      **ARGUMENT**

      A.      <u>**Plaintiffs' Claims Against Moving Defendants for Violations of Liberty Interest in Reputation Must Be Dismissed**</u>

           1.      **There Are No Facts or Case Law to Support a Claim that Moving Defendants Were Acting Under Color of State Law as State Actors.**

In order to assert a claim under Section 1983, a plaintiff must allege that the defendant was acting under color of state law when they engaged in conduct that violated a right protected by the Constitution or laws of the United States.  ***<u>Nicini v. Morra</u>***, *212 F. 3d 798, 806 (3d Cir. 2000).* Here, there are no facts supporting the most basic element of a Section 1983 claim.  In fact Plaintiffs' Amended Complaint merely references their unsupported opinions and conspiracy theories to argue that these Defendants acted under color of state law or in her capacity as a SDP teacher.  Of course, when one actually reviews the fact, it is clear that each Moving Defendant was acting in her personal and private capacity when she commented on a then-current event, which was of public concern, that was happening in Philadelphia.[2]

Plaintiffs are unable to point to any fact that amounts to "state action" on the part of Moving Defendants as the Moving Defendants were acting in their personal and private capacities.  No act attributed to either Moving Defendant in the Amended Complaint includes any indication that either Moving Defendant made any reference to her role as a teacher in the School District of Philadelphia or that she was acting in her capacity as a School District of Philadelphia teacher. Merely having a social media user name of "teacherinphilly" or "teachkizzyteach" does not add any special heightened regard to social media posts posted from that account – these are not official school district social media pages nor do they purport to be.  Plaintiffs' conclusory statements and

---

[2] One has to wonder why Plaintiffs' are targeting and pursuing claims against Moving Defendants and not any other teachers within the school district, or even teachers at Palumbo, that surely commented or spoke about the Palumbo incident on social media or otherwise.

opinions that the Moving Defendants' social media accounts are "used to convey these messages are formally denominated as coming from Philadelphia School District teachers" and that their accounts are "accorded a level of credibility outsiders would not have" have no basis in fact, law, or reality.

Indeed, re-sharing someone else's social media post on a personal social media account is not viewed any differently simply because the person sharing it is a public employee. Likewise, speaking at a public school board meeting during a public comment period in an individual's personal capacity is not given any higher credence simply because the person is a teacher or any other public employee. Plaintiffs did not, and in fact cannot, point to any case law that would support such a claim that the mere title of someone mandates that they are acting under the color of state law in all capacities of their private life. Plaintiffs have failed to assert any fact that could possibly support an inference that Moving Defendants were in any way acting under color of state law as state actors.[3]

Additionally, in their opposition, Plaintiffs continuously use ambiguous language referring to "Defendants" collectively, seemingly in an attempt to falsely impute the actions of other Defendants onto Moving Defendants. For example, Plaintiffs' opposition states, "[h]ere, Plaintiffs allege Defendants imposed suspensions and adverse disciplinary findings against them in connection with the stigmatizing accusations." *See* Pg. 38 of Plaintiffs' opposition. By way of another example, Plaintiffs' opposition states, "[t]he Amended Complaint does so by alleging that SDP and its agents – Gordon, Thompson, Stamps, Luebbert, and Ridgeway – disciplined John Hiester and Meru Parmar…" *See* Pg. 39 of Plaintiffs' opposition. These unsupported, conclusory statements are patently false as to Moving Defendants. Moving Defendants were not teachers at

---

[3] Plaintiffs' opposition also includes false assertions, without any basis in fact, that Moving Defendants "shamelessly lied" and "doxx[ed] the boys and lie about what they did." *See* Pg. 18 of Plaintiffs' opposition.

Palumbo, did not interact with the Student Plaintiffs, and were not involved in any investigation or subsequent discipline and/or suspensions of the Student Plaintiffs.  Of course, Federal Rule of Civil Procedure 11 requires counsel to actually investigate factual averments before wildly accusing individuals of things they know (or, through reasonable investigation, should know) are not true.

Plaintiffs are unable to assert a claim pursuant to Section 1983 against either Moving Defendant, and therefore have failed to state a claim for violations of liberty interest in reputation. Therefore, Plaintiffs' claims against Moving Defendants must be dismissed.

### 2. Plaintiffs Have Not Met the "Stigma" Prong of the Stigma Plus Test.

As discussed in Moving Defendants' brief in support of their Motion to Dismiss, "[t]o satisfy the "stigma" prong of the test, it must be alleged that the purportedly stigmatizing statement(s) (1) were made publicly, and (2) were false." (internal citations omitted). **_Hill v. Borough of Kutztown_**, 455 F.3d 225, 236 (3d Cir. 2006).

Plaintiffs' opposition has failed to raise any factual allegations that would meet the "stigma" prong of the stigma-plus test.  Rather, Plaintiffs merely make bald, unsupported conclusory statements that Plaintiffs experienced "reputational harm within the school community, in their homes, and beyond."  _See_ Plaintiffs' opposition Pgs. 37-38.  Plaintiffs' Amended Complaint and opposition are devoid of any fact which would establish that either of the Moving Defendants published a materially false statement.  To the contrary, Moving Defendants merely expressed their personal thoughts and opinions in their personal capacity about an incident of public concern that occurred.  Moving Defendants addressed the "stigma" prong _ad nauseum_ in their moving brief and incorporate the same as if set forth herein.  _See_ Moving Defendants' brief at Section IV. A., and discussion of **_Mathews v. Abington Heights Sch. Dist._**, 2024 WL 711610

4

(M.D. Pa. Feb. 21, 2024).  As Plaintiffs have not met the "stigma" prong of the stigma-plus test necessary to support a due process claim for deprivation of a liberty interest in reputation, Plaintiffs' Complaint must be dismissed as to Moving Defendants.

### 3.    Plaintiffs Have Not Met the "Plus" Prong of the Stigma Plus Test

Plaintiffs' claims, as clearly displayed in their opposition, are nothing more than a camouflaged state law defamation claim and because they are unable to establish that they were deprived of any federally secured right, the Court must dismiss Plaintiffs' Section 1983 "Violation of the Liberty Interest in Reputation" claim against the Moving Defendants.  *See* **Blatt v. Council Rock Taxpayers Ass'n, Inc.**, 1995 WL 567454 (E.D. Pa. 1995).

Even if Plaintiffs could meet the "stigma" prong of the stigma-plus test, which they cannot, they have not stated any fact that shows they were deprived of any additional right or interest nor have they cited to any cases that could support their claims against Moving Defendants.  As argued at length in Moving Defendants' moving papers,  "there is no federal constitutional right to a public education triggering due process protections under the United States Constitution."  ***Archer v. York City School Dist.***, 2014 WL 12884086, *8 (M.D. Pa. 2014).  The Third Circuit has expressly determined that "students do not have a cognizable liberty or property interest in going to a school of their choice." *See* **Pocono Mountain Charter School v. Pocono Mountain School Dist.**, 442 Fed. Appx. 681, 685 n.5 (3d. Cir. 2011).  Of course, it was the Plaintiff Parents' choice to move out of Philadelphia, of their own volition, there was no action by Moving Defendants.  By Plaintiffs' own admission this move was not related to "stigma" to their reputation – rather Plaintiffs' claim it was allegedly related to their unsubstantiated safety concerns.  Plaintiffs do not, and cannot allege that any action by Moving Defendants, or any Defendant for that matter, directly

affected any of the Plaintiffs' rights or status under the law.[4]  As a result of the foregoing, Plaintiffs

are unable to state a claim for deprivation of a liberty interest in reputation and therefore, their

Complaint must be dismissed as to Moving Defendants.

**4.    Plaintiffs' Reliance on Public Employment Case Law is Misplaced.**

Instead of addressing the well articulated "stigma plus" case law and the relevant cases

cited by Moving Defendants, Plaintiffs cite to numerous cases that are far afield from the claims

in the case at bar, with many involving claims relating to public employment.  For example,

Plaintiffs cite to **Hart v. West Mifflin Area School District**, 2017 WL 1282623 (W.D. Pa. Apr.

6, 2017) a "stigma plus" case in the context of public employment.  In **Hart**, the Court noted that

"when an employer 'creates and disseminates a false and defamatory impression about the

employee in connection with his termination,' it deprives the employee of a protected liberty

interest." **Hart v. W. Mifflin Area Sch. Dist.**, CV 16-1066, 2017 WL 1282623, at *3 (W.D. Pa.

Apr. 6, 2017).  Further, while some of the online comments alleged by the plaintiff in that case

were anonymous, the Court noted that there were allegations that the individual defendants, who

were the superintendent and assistant superintendent, did "publish" defamatory comments and

---

[4] Further, Plaintiffs did not address Moving Defendants' argument at Section IV.B., that the Hiester and Parmar Parent Plaintiffs have failed to establish individual claims.  There are no allegations of any violation of the constitutional rights of the Hiester and Parmar Parent Plaintiffs. The only tenuous connection the Hiester and Parmar Parent Plaintiffs have is that the alleged damages Plaintiffs are seeking for this claim against Moving Defendants is the moving expenses they claim the Hiester and Parmar Parent Plaintiffs incurred as a result of their own decision to move out of Philadelphia into a suburban, "blue ribbon" public school district.  Even if Plaintiffs could support a claim for deprivation of a liberty interest in reputation, which they cannot, the alleged damages they are seeking are not those of John Hiester and Meru Parmar, who have reached the age of majority.

As noted by the Third Circuit, the failure of a party to adequately brief an issue results in waiver of that claim. *See* **Reynolds v. Wagner**, *128 F.3d 166, 178 (3d. Cir. 1997)* (holding that a single conclusory statement in a brief without more results in waiver of the argument); **Disilverio v. Serv. Master Professional**, *2007 U.S. Dist. LEXIS 24732, *15, n.8 (W.D. Pa. 2007)* (noting that the plaintiff "fails to cite any legal authority for his position that temporal proximity is enough to infer causation here and makes no argument other than this conclusory statement" and, as a result, "[t]he Court is not required to consider arguments consisting of nothing more than a conclusory assertion and not developed through proper briefing, such as the one made here").  As Plaintiff failed to brief any argument opposing the Moving Defendants' request that the Hiester and Parmar parents' individual claims be dismissed, their claims as to Moving Defendants should be dismissed, with prejudice.

accusations to the community at large regarding the reasons for plaintiffs termination – this "publication" was in their capacity as superintendent and assistant superintendent.  These are not the facts in the case at bar.  The case does not address the "stigma plus" test in the context of students attending public schools.

Plaintiffs also cite to **Paterno v. Pennsylvania State University**, 688 Fed.Appx. 128 (3d Cir. 2017), to argue the premise that in addressing the "stigma" portion of the "stigma plus" claim for liberty interest in reputation, the Court should consider the elements of a claim for defamation. However, the Court in **Paterno** specifically framed its discussion as being applicable in the public-employment context, "[i]n the public-employment context, an employer must have "create[d] and disseminate[d] a false and defamatory impression about the employee in connection with his termination" in order for a plaintiff to satisfy the test."  **Paterno v. Pennsylvania State Univ**., 688 Fed.Appx. 128, 131 (3d Cir. 2017).  Obviously, this case is not a public-employment case.

Further, the Court in **Paterno** found that the plaintiffs did not meet the "stigma" prong of the "stigma plus" test because the use of "individuals" in the alleged defamatory statements could have applied to anyone in the football program or school administrators and therefore it would not be reasonable to conclude that they were false and defamatory statements about the plaintiffs.  This is the only similarity to case at bar.  Like in **Paterno**, Plaintiffs here claim that Moving Defendants posted about generic "students" and Ms. Lubbert spoke about "students" at the public comment section of the school board meeting.  "Students" could have meant any students in the district.[5]

Plaintiffs also cite to **Mzamane v. Winfrey**, 693 F.Supp.2d 442 (E.D. Pa. 2010) to try to support the "stigma" part of their claim.  However again, this reliance is misplaced and not relevant to the case at bar.  **Mzamane**, like **Paterno**, is also a case relating to the end of an employment

---

[5] Even assuming that Plaintiffs' claim that Ms. Luebbert re-shared another social media page's post containing the student Plaintiffs' names is true, this still does not meet the stigma-plus requirements.

relationship with a school, which is an entirely different factual circumstance than the case at bar. Additionally, in both **Paterno** and **Mzamane** the alleged defamatory statements were made in the course and scope of the person making the statement's official capacity as a representative of the school, not in his/her personal and private capacity.

None of the case law cited by Plaintiffs is relevant to the claims under Section 1983 for violation of liberty interest in reputation against Moving Defendants and Plaintiffs are unable to support the "plus" prong of the "stigma-plus" test.  Therefore, Plaintiffs' claims against Moving Defendants must be dismissed.

### B.    Moving Defendants Are Entitled to Qualified Immunity

As in the rest of their opposition, Plaintiffs' argument relating to qualified immunity uses the confusing, ambiguous "Defendants" to refer to all of the Defendants collectively.  This again imputes actions of the other Defendants onto Moving Defendants.  Further, contrary to Plaintiffs' conclusory opinion, Moving Defendants have not "flip[ped] the qualified immunity burden" but rather Moving Defendants have pointed out the Plaintiffs have not pled facts that, if they had actually suffered a violation of their constitutional rights, would demonstrate "the right was clearly established at the time of the injury."  This is the well established legal requirement. *See **Mann v. Palmerton Area Sch. Dist.**, 189 F.Supp. 3d 467, 478 (M.D. Pa. 2016)*.

Plaintiffs misunderstand the requirements of the qualified immunity defense and attempt to rely on the old adage that "lying is wrong" and, without any factual basis, claim that there was some "abuse of power as public employees" to support their opposition.  As discussed at length above and in Moving Defendants' moving papers, there are no facts that support the Plaintiffs claims that Moving Defendants were "state actors" or that there was a violation of the constitutional rights of Plaintiffs by Moving Defendants.  Moving Defendants had no reason to

think or understand that posting and/or sharing opinions/commentary on social media or during public comment at a school board meeting in their personal capacities regarding an event of public concern violated anyone's rights.  *See*, ***Id.***

Therefore, based upon the foregoing and Moving Defendants' brief in support of their Motion to Dismiss, Moving Defendants are entitled to qualified immunity and all claims against Moving Defendants must be dismissed.

## III.   CONCLUSION

Based upon the foregoing and the arguments set forth at length in Moving Defendants' Motion to Dismiss Plaintiffs' Amended Complaint, Moving Defendants respectfully request that this Honorable Court grant their Motion to Dismiss in its entirety and dismiss all claims against them in Plaintiff's Amended Complaint, with prejudice.

**MARSHALL DENNEHEY, P.C.**

BY: _____

LEE C. DURIVAGE
MARY N. YURICK
Attorney ID No. 205928/313172
2000 Market Street, Suite 2300
Philadelphia, PA  19103
Phone: (215) 575-2584/Fax: (215) 575-0856
E-mail:  lcdurivage@mdwcg.com /
mnyurick@mdwcg.com

Attorney for Defendants: Kristin Luebbert and Keziah Ridgeway

Dated: April 7, 2026

9

## CERTIFICATE OF SERVICE

I, Lee C. Durivage, Esquire, do hereby certify that a true and correct copy of Defendants, Keziah Ridgeway and Kristin Luebbert's Reply Brief in Further Support of their Motion to Dismiss Plaintiffs' Amended Complaint was served upon all parties by ECF at the following address:

Lori Lowenthal Marcus, Esquire
Jerome M. Marcus, Esquire
**The Deborah Project**
P.O. Box 212
Merion Station, PA 19066
Attorneys for Plaintiffs

Marjorie Obod, Esquire
Margaret Spitzer Persico, Esquire
**Dilworth Paxson LLP**
1650 Market St., Suite 1200
Philadelphia, Pa 19103
Attorneys for Co-Defendants

**MARSHALL DENNEHEY, P.C.**

BY: _____
LEE C. DURIVAGE
Attorney for Kristin Luebbert and
Keziah Ridgeway

Dated:  April 7, 2026

10