**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| HIESTER, et al, | : |
| | : |
| | : |
| Plaintiffs, | : |
| | : CIVIL ACTION |
| | : |
| v. | : |
| | : NO. 25-04502-JMY |
| THE SCHOOL DISTRICT OF | : |
| PHILADELPHIA, et al | : |
| | : |
| Defendants. | : |
| | : |

## REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT

/s/ Marjorie McMahon Obod
Marjorie McMahon Obod
**DILWORTH PAXSON LLP**
1650 Market Street, Suite 1200
Philadelphia, Pennsylvania 19103

*Attorney for Defendants,*
*The School District of Philadelphia,*
*Kiana Thompson, Rashida Stamps,*
*and Richard Gordon*

#125565190v1

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ....................................................................................................... ii

I.      Plaintiffs' Attempt to Manufacture Claims with New or Inconsistent Facts Fails as a
        Matter of Law. ............................................................................................................. 1

II.     Plaintiffs' First Amendment Claims Fail for Lack of Standing and Mootness. ................... 4

III.    Plaintiffs Fail to State Plausible First Amendment Claims in Count I Because the Quiet
        Room Was Constitutional as a Matter of Law and Plaintiffs' New or Conclusory
        Recharacterizations Contradict the Amended Complaint. ................................................... 6

IV.     Plaintiffs Fail to State Due Process Claims Based on Reputation in Count II of the
        Amended Complaint as They Do Not Adequately Plead "Stigma-Plus." ............................ 8

V.      Plaintiffs Fail to State a Procedural Due Process Claim in Count IV as No Pre-Deprivation
        Hearing Was Required and Any Deprivation Was De Minimis. ...................................... 10

VI.     Plaintiffs Fail to State a Title VI Claim in Count III Because They Do Not Plausibly
        Allege Discrimination "Because of" any Protected Class. ................................................ 11

VII.    Plaintiffs' Opposition Confirms Defendants Are Entitled to Qualified Immunity as There
        Were No Clearly Established Constitutional Violations. ................................................... 14

VIII.   Conclusion ...................................................................................................................... 15

#125565190v1

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)...............................................................................................2, 4, 13

*Bd. of Educ. Of Westside Cmty. Sch. v. Mergens*,
   496 U.S. 226 (1990)........................................................................................................7

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)........................................................................................................2

*Booker v. Bangor Area Sch. Dist.*,
   No. 14-5242, 2015 WL 1344661 (E.D. Pa. Mar. 24, 2015) .......................................13

*Boston v. Prime Care Med. Inc.*,
   No. CV 17-5124, 2018 WL 3032853 (E.D. Pa. June 18, 2018) ..............................2, 4

*Carey v. Piphus*,
   435 U.S. 247 (1978)........................................................................................................6

*City of Tahlequah v. Bond*,
   595 U.S. 9 (2021)..........................................................................................................15

*Donovan ex rel. Donovan v. Punxsutawney Area Sch. Bd.*,
   336 F.3d 211 (3d Cir. 2003).......................................................................................5, 6

*Ellison v. Am. Bd. of Orthopaedic Surgery*,
   11 F.4th 200 (3d Cir. 2021) ...........................................................................................5

*Ersek v. Twp. of Springfield*,
   102 F.3d 79 (3d Cir. 1996).............................................................................................9

*C.F. ex rel Farnan v. Capistrano Unified Sch. Dist.*,
   654 F.3d 975 (9th Cir. 2011) .......................................................................................15

*Fenton v. Steer*,
   423 F. Supp. 767 (W.D. Pa. 1976)...............................................................................10

*Fouse v. Beaver Cty.*,
   No. 2:14-cv-00810, 2015 WL 1967242 (W.D. Pa. May 1, 2015) .................................9

*Goss v. Lopez*,
   419 U.S. 565 (1975).....................................................................................................9, 10

*Hamilton v. Spriggle*,
   965 F. Supp. 2d 550 (M.D. Pa. 2013) ..........................................................................13

iii

#125565190v1

*Hart v. W. Mifflin Area Sch. Dist.*,
   No. 16-1066, 2017 WL 1282623 (W.D. Pa. Apr. 6, 2017)........................................................9

*Hill v. Borough of Kutztown*,
   455 F.3d 225 (3d Cir. 2006)........................................................................................................8

*Kennedy v. Bremerton Sch. Dist.*,
   597 U.S. 507 (2022)....................................................................................................................7

*Landau v. Corporation of Haverford College*,
   780 F. Supp. 3d 548 (E.D. Pa. 2025) .......................................................................................13

*Leveto v. Lapino*,
   258 F.3d 156 (3d Cir. 2001).....................................................................................................14

*McTernan v. City of York, Pa.*,
   564 F.3d 636 (3d Cir. 2009).......................................................................................................7

*Memphis Cmty. Sch. Dist. v. Stachura*,
   477 U.S. 299 (1986)....................................................................................................................6

*Miller v. Aldecocea*,
   No. 23-00409, 2023 WL 4534591 (E.D. Pa. July 13, 2023) ....................................................12

*Miller v. Nelling*,
   No. 22-3329, 2023 WL 1864866 (E.D. Pa. Feb. 8, 2023) ........................................................12

*Monell v. Dep't of Soc. Servs.*,
   436 U.S. 658 (1978).....................................................................................................................7

*Moore v. Solanco Sch. Dist.*,
   471 F. Supp. 3d 640 (E.D. Pa. 2020) .......................................................................................13

*Morgan v. Swanson*,
   659 F.3d 359 (5th Cir. 2011) ....................................................................................................15

*Pasour v. Phila. Hous. Auth.*,
   67 F. Supp. 3d 683 (E.D. Pa. 2014) ...........................................................................................9

*Rivera v. New Castle Cty. Police Dep't.*,
   152 F.4th 147 (3d Cir. 2025) ......................................................................................................2

*Rosenberger et al. v. Rector and Visitors of Univ. of Virginia et al.*,
   515 U.S. 819 (1995).....................................................................................................................8

*Safford Unified Sch. Dist. No. 1 v. Redding*,
   557 U.S. 364 (2009)...................................................................................................................14

iv

*Santa Fe Indep. Sch. Dist. v. Doe*,
　　530 U.S. 290 (2000)......................................................................................................8

*Stand With Us Ctr. for Legal Just. v. Mass. Inst. of Tech.*,
　　158 F.4th 1 (1st Cir. 2025)..........................................................................................14

*Suniaga v. Downingtown Area Sch. Dist.*,
　　765 F. Supp. 3d 413 (E.D. Pa. 2025), *reconsideration denied,* No. CV 20-
　　2283, 2025 WL 1223533 (E.D. Pa. Apr. 28, 2025) ................................................11

*Sweet v. Childs*,
　　*518* F.2d 320 (5th Cir. 1975) ................................................................................10, 11

*T.E. v. Pine Bush Cent. Sch. Dist.*,
　　58 F. Supp. 3d 332 (S.D.N.Y. 2014).........................................................................14

*TransUnion LLC v. Ramirez*,
　　594 U.S. 413 (2021)......................................................................................................6

*Van Zandt v. Thompson*,
　　839 F.2d 1215 (7th Cir. 1988) .....................................................................................7

*Vorchheimer v. Phila. Owners Ass'n*,
　　903 F.3d 100 (3d Cir. 2018).....................................................................................2, 4

*W. Chester Univ. v. Metlife Ins. Co.*,
　　No. CV 15-3627, 2016 WL 2939508 (E.D. Pa. May 20, 2016) ...........................4, 5

*Williams v. Pennridge Sch. Dist.*,
　　No. 15-4163, 2018 WL 6413314 (E.D. Pa. Dec. 6, 2018)........................................12

*C.H. ex rel. Z.H. v. Olivia*,
　　226 F.3d 198 (3d Cir. 2000).........................................................................................7

*Pennsylvania ex rel. Zimmerman v. PepsiCo, Inc.*,
　　836 F.2d 173 (3d Cir. 1988)..................................................................................2, 4, 5

*Zucal v. Cty. of Lehigh*,
　　660 F. Supp. 3d 334 (E.D. Pa. 2023) ...........................................................................9

**Rules**

Fed. R. Civ. P. 12(b)(6)................................................................................................1, 2, 4, 10

v

vi

**Other Authorities**

*Guidance on Constitutionally Protected Prayer and Religious Expression in Public Elementary and Secondary Schools* (Feb. 5, 2026) https://www.ed.gov/media/document/2026-guidance-constitutionally-protected-prayer-and-religious-expression-public-elementary-and-secondary-schools-113182.pdf ...............................................................................................................8

#125565190v1

This case is a transparent attempt to dress up routine end-of-year student misconduct and dissatisfaction with school discipline as federal constitutional violations. This Court should reject it. Rather than addressing the defects in the Amended Complaint, Plaintiffs' Opposition attempts to recast their allegations, contradicts their own exhibits, and introduces new facts not pleaded. This approach is improper at the motion to dismiss stage. Under Rule 12(b)(6), Plaintiffs lack standing to pursue their First Amendment claims, and their request for prospective relief is moot. They also fail to plausibly allege any constitutional violations. Even giving Plaintiffs the benefit of all inferences, the only conclusion to be drawn from the Amended Complaint and attachments is that the Quiet Room was a neutral, voluntary space. Plaintiffs' theory rests on speculation they themselves contradict. Plaintiffs' due process claims do not satisfy the "stigma-plus" elements; any alleged deprivation was, at most, *de minimis* and did not require a pre-deprivation hearing. Likewise, their Title VI claims do not plausibly allege intentional discrimination "because of" a protected class or deliberate indifference. In any event, the individual Defendants are entitled to qualified immunity because Plaintiffs identify no clearly established law that would have put them on notice that their conduct was unlawful. Nothing in the Amended Complaint plausibly supports converting these allegations into federal constitutional claims. Accordingly, it should be dismissed in its entirety.

**I.      Plaintiffs' Attempt to Manufacture Claims with New or Inconsistent Facts Fails as a Matter of Law.**

Plaintiffs' Opposition accuses Defendants of "recasting" or "invent[ing]" facts, but that accusation is merely projection. (Pls.' Opp., ECF No. 50 at 6–8, 10–11.) Defendants did not rewrite or introduce competing allegations; they cited Plaintiffs' own Amended Complaint and exhibits. It is Plaintiffs who now depart from, and contradict, their pleading to manufacture the appearance

of factual disputes to mask the absence of plausible claims. Plaintiffs' Opposition wholly relies on speculation, contradictions, and conclusory assertions. Accordingly, their claims fail under Rule 12(b)(6). *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007) (complaint must transcend "speculative" or "conceivable"); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (plausibility standard "asks for more than a sheer possibility").

Plaintiffs' attempt to salvage their claims should be rejected. Where a plaintiff attaches exhibits to a complaint, those materials become part of the pleading and control when they contradict the allegations. *Vorchheimer v. Phila. Owners Ass'n*, 903 F.3d 100, 111–12 (3d Cir. 2018). Plaintiffs' reliance on *Rivera v. New Castle Cty. Police Dep't.*, 152 F.4th 147 (3d Cir. 2025), is misplaced; *Rivera* concerns judicially noticed materials introduced by ***defendants***, not plaintiff-attached exhibits to a complaint. *Id.* at 151–53. Further, it "is axiomatic that the complaint may not be amended by briefs in opposition to a motion to dismiss" and Plaintiffs may not rely on new facts raised in an opposition brief. *Pennsylvania ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) (citation omitted); *Boston v. Prime Care Med. Inc.*, No. CV 17-5124, 2018 WL 3032853, at *5 n.6 (E.D. Pa. June 18, 2018). This case presents not competing facts, but conclusory and insufficient allegations.

Plaintiffs' arguments are contradicted by their own allegations and exhibits. For example, Plaintiffs challenge Defendants' characterization of the Quiet Room as neutral and accessible, even though Plaintiffs allege the student body was unaware of any restriction limiting the room to Muslim students. (Amend. Compl., ECF No. 17 ¶ 62.) They contend the room was restricted to "one religion only" based on a student's report she was "surprised to hear Zionism spoken about." (Pls.' Opp., ECF No. 50 at 9 n.2.) But that very same exhibit states that Plaintiffs' entry into the room was "not a problem since it's for everyone." (Ex. 5, ECF No. 17-1 at 67). Nor does Plaintiffs'

2

reliance on a police officer's secondhand description of Principal Thompson's report of the incident as "a dispute … over a room designated for [a] particular religion" cure this defect. (Ex. 2, ECF No. 17-1 at 4.) Plaintiffs themselves allege no restriction, confirmed by exhibits stating the room was "available to all students." (ECF No. 17 ¶¶ 62, 126; Ex. 10, ECF No. 17-1 at 177.) Plaintiffs also cite alleged "girls time" to suggest the room was Muslim-only. (ECF No. 17 ¶ 97.) But their exhibits contradict that by stating there were no "hours designated for men-only or women-only." (Ex. 10, ECF No. 17-1 at 177.) Even if such norms existed, they do not plausibly suggest a Muslim-specific restriction, as gender separation is not unique to Islam, is also practiced in Judaism, and neutral reasons may justify such practices in a private, unsupervised high school room. Plaintiffs cannot overcome their admissions—that students were unaware of a "Muslim-only" room and no signage or policy imposed such limit—through conjecture in their Opposition.

The same defect permeates other arguments. Plaintiffs contend Defendants "rewrite" allegations that the boys made inappropriate comments or gestures. (Pls.' Opp., ECF No. 50 at 13.) But Plaintiffs' own exhibits include those descriptions including that "one of them moaned and made inappropriate comments" and a student "grinded on the floor." (Ex. 5, ECF No. 17-1 at 67.) Likewise, Plaintiffs' assertions that "when the suspension was imposed there had been no adjudication, or even investigation, of any wrongdoing by the boys in the Prayer Room," that "[n]o one at SDP took any action" to investigate the harassment claims, or that harassment findings were "abandon[ed]" is belied by their own pleading and exhibits. (Pls.' Opp., ECF No. 50 at 16, 18, 20.) The Amended Complaint alleges administrators took statements, contacted parents, and met with Plaintiff Hiester and his mother before discipline was imposed. (Amend. Compl. ECF No. 17 ¶¶ 89, 97–99.) The exhibits confirm ongoing investigations and communications. (Exs. 5, 8, 18,

3

19, ECF No. 17-1 at 131–32, 172–73, 218–19, 221–22.) At most, Plaintiffs dispute how the investigation was conducted or its outcome, not its existence.

Finally, Plaintiffs impermissibly attempt to cure pleading deficiencies by introducing new facts in their Opposition, including that the Parmars have a "younger child who will be a student eligible for admission to Palumbo," with "special educational needs," who "currently attends a private school," but "resides in the Philadelphia School District," and "continue[s] to maintain a home within the District boundaries." (Pls.' Opp., ECF No. 50 at 28.). None of these allegations appear in the Amended Complaint. Instead, Plaintiffs repeatedly claim the Parmar family had to "take up residence in another county." (Amend. Compl., ECF No. 17 ¶¶ 10, 12, 30–31, 209–10, 242.) These new and contradictory assertions made nowhere except in a brief must be disregarded See *Zimmerman*, 836 F.2d at 181; *Boston*, 2018 WL 3032853, at \*5 n.6; see also *W. Chester Univ. v. Metlife Ins. Co.*, No. CV 15-3627, 2016 WL 2939508, at \*2 (E.D. Pa. May 20, 2016) (rejecting attempt to establish standing through new allegations raised in opposition brief). Rule 12(b)(6) does not permit an amendment through briefing or reliance on allegations inconsistent with Plaintiffs' own submissions and thus, dismissal is warranted. *Iqbal*, 556 U.S. at 678; *Vorchheimer*, 903 F.3d at 111–12.

## II.    Plaintiffs' First Amendment Claims Fail for Lack of Standing and Mootness.

Plaintiffs' First Amendment claims fail at the threshold. First, M. Danowitz lacks standing as he was not a student at Palumbo during the incident. (Amend. Compl., ECF No. 17 ¶ 55.) He therefore had no right to be on campus, no entitlement to access the Palumbo school facilities, and no legally protected interest in using a room inside a school he did not attend. Plaintiffs' position is no more tenable than that of a private-school student from another county who wanders into a

4

Philadelphia school and immediately seeks to litigate for an Individualized Education Program the School District never owed him. M. Danowitz's claims should be dismissed in their entirety.

The remaining Plaintiffs likewise lack standing to seek prospective relief, and their claims are moot. They do not allege any current Plaintiff is enrolled in, resides within, or has any concrete plan to return to the School District. To the contrary, Plaintiffs repeatedly allege they relocated outside the District and no longer attend Palumbo. (Amend. Compl., ECF No. 17 ¶¶ 10, 12, 30–31, 209–10, 242.) That ends the standing inquiry. Plaintiffs now attempt to manufacture standing through a theory relating to a purported younger Parmar child. But, as discussed *supra*, that theory rests on new and contradictory factual allegations raised for the first time in their Opposition. Those allegations, absent from their Amended Complaint, directly contradict Plaintiffs' repeated claim they relocated outside the District. (Amend. Compl., ECF 17 ¶ 242.) These new assertions, in their brief, may not be used to establish standing. *Pa. ex rel. Zimmerman*, 836 F.2d at 181; *W. Chester Univ.*, WL 2939508, at \*2. Even if these allegations were not new or contradictory, they would at most support only the Parmar Plaintiffs' standing, but even so that argument fails. These new assertions do not plausibly allege a concrete or imminent injury. A hypothetical future student who "might" try to attend Palumbo sometime in the future is insufficient to establish standing. *Ellison v. Am. Bd. of Orthopaedic Surgery*, 11 F.4th 200, 206–07 (3d Cir. 2021) (standing allegations must "reflect a concrete intent to" act "imminently") (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 564 (1992)).

Nor does this case fit the "capable of repetition, yet evading review" exception. That limited exception is "extremely narrow;" it requires both that the challenged action be too short-lived to be litigated and that the same party is likely to be subjected to it again. *Donovan ex rel. Donovan v. Punxsutawney Area Sch. Bd.*, 336 F.3d 211, 217 (3d Cir. 2003). Plaintiffs, who allege

#125565190v1

they left the District, satisfy neither requirement. As in *Donovan*, the challenged Quiet Room can be reviewed if students who remain students—not some speculative future student—choose to bring suit. *Id.*

Plaintiffs' fallback damages theory also fails. Plaintiffs invoke "nominal damages" and "substantial financial injury" based on their alleged decision to leave the School District. (Pls.' Opp., ECF No. 50 at 24-26.) But their pleading shows no alleged injury tied to any First Amendment deprivation. Plaintiffs do not allege that they suffered damages because they were prevented from praying or coerced into religious activity. Instead, they make conclusory arguments that they left the District based on unspecified reputational harm from alleged false student statements about their conduct, not from the existence of an alleged "Muslim-only prayer room." Such conclusory allegations are not causally connected to the First Amendment claims. Plaintiffs cannot recover damages for the "abstract value" of a constitutional right. *Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 308 (1986); *Carey v. Piphus*, 435 U.S. 247, 264 (1978). Nor can Plaintiffs repurpose their alleged relocation-related harms from their due process and equal protection claims to confer standing for a distinct First Amendment. Standing must be established separately for each claim, and because Plaintiffs have failed to plausibly allege but-for or proximately caused damages for their First Amendment claims, it should be dismissed. *TransUnion LLC v. Ramirez*, 594 U.S. 413, 431 (2021) ("[S]tanding is not dispensed in gross; rather, plaintiffs must demonstrate standing for each claim that they press and for each form of relief they seek (for example, injunctive relief and damages).").

III.    **Plaintiffs Fail to State Plausible First Amendment Claims in Count I Because the Quiet Room Was Constitutional as a Matter of Law and Plaintiffs' New or Conclusory Recharacterizations Contradict the Amended Complaint.**

Plaintiffs' Opposition does not change the fact that they do not plausibly allege a violation of the Establishment or Free Exercise Clauses. Plaintiffs' cited authorities are distinguishable, as

6

they involve coercion, exclusivity, or government-directed religious activity not alleged here. Plaintiffs' attempt to distinguish or sidestep Defendants' authorities fares no better.

Plaintiffs' effort to avoid *Van Zandt v. Thompson*, 839 F.2d 1215 (7th Cir. 1988), by citing *dicta* to suggest a different analysis applies in schools is unavailing. *Van Zandt* was decided under the more stringent *Lemon* framework, which required courts to scrutinize for neutrality to avoid even perceived endorsement of religion. *Id.* at 1220–21. The Supreme Court now applies a more permissive approach, guided by "historical practices and understandings." See *Kennedy v. Bremerton Sch. Dist.*, 597 U.S. 507, 535–36 (2022). Under this framework, the Constitution does not require government actors to "purge" or aggressively neutralize religious expression from public life. *Id.* at 535.

Plaintiffs' own allegations and exhibits establish that the Quiet Room was available to all. As discussed *supra*, Plaintiffs admit no restriction was known to the student body, identify no signage or written policy limiting the room to a particular religion, and rely instead on conjecture contradicted by their own exhibits. Their failure to identify any official policy attributable to the School District is fatal. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Plaintiffs' focus on materials associated with the Palumbo Muslim Student Association does not alter the analysis. (Pls.' Opp., ECF No. 50 at 29–30, 33); *see McTernan v. City of York, Pa.*, 564 F.3d 636, 658–60 (3d Cir. 2009) (dismissing *Monell* claim because plaintiff's mere assertion of entitlement to relief without sufficient factual showing does not rise above the speculative level). Student-generated expression does not "cede" control of a space or transform a neutral, voluntary room into a sectarian one. *See Bd. of Educ. Of Westside Cmty. Sch. v. Mergens*, 496 U.S. 226, 250, 252 (1990); *C.H. ex rel. Z.H. v. Olivia*, 226 F.3d 198, 212 (3d Cir. 2000) (Alito, J., dissenting). Schools routinely permit student expression in shared spaces, and federal guidance allows equal access for

7

voluntary prayer without violating the Establishment Clause. *See Rosenberger et al. v. Rector and Visitors of Univ. of Virginia et al.*, 515 U.S. 819, 841–42 (1995); U.S. Dep't of Educ., *Guidance on Constitutionally Protected Prayer and Religious Expression in Public Elementary and Secondary Schools* (Feb. 5, 2026), *available at* https://www.ed.gov/media/document/2026-guidance-constitutionally-protected-prayer-and-religious-expression-public-elementary-and-secondary-schools-113182.pdf. Plaintiffs' other Ramadan-related allegations, including excusals, use of space for prayers, and fasting accommodations, are textbook examples of permissible religious accommodation, not establishment of a religion or coercion.

Plaintiffs' reliance on *Santa Fe Indep. Sch. Dist. v. Doe*, 530 U.S. 290 (2000), is equally misplaced. That case involved student-led prayer broadcast to a captive audience, whereas here, Plaintiffs' Amended Complaint and exhibits show that entering the Quiet Room was entirely voluntary. There is no plausible, non-conclusory allegation of coercion, compelled participation, or school-directed religious exercise.

## IV.    Plaintiffs Fail to State Due Process Claims Based on Reputation in Count II of the Amended Complaint as They Do Not Adequately Plead "Stigma-Plus."

Plaintiffs' Due Process claim based on an alleged liberty interest in reputation fails because the allegations do not plausibly satisfy either the "stigma" or "plus" elements. *See Hill v. Borough of Kutztown*, 455 F.3d 225, 236 (3d Cir. 2006). Plaintiffs' theory, confirmed by their Opposition, is not that Defendants made defamatory statements, but that they failed to respond to or disavow statements made by others. That is insufficient as a matter of law.

Plaintiffs' claim fails on the "stigma" prong because they do not allege that any of the moving Defendants made, published, or were the source of any false and stigmatizing statement. Instead, Plaintiffs rely on alleged statements made by students and teachers at other schools, attempting to attribute them to Defendants based on their alleged failure to intervene or disavow

8

them. (Pls.' Opp., ECF No. 50 at 37–38.) Specifically, Plaintiffs cite social media posts and comments by Ridgeway, Luebbert, and other students. (Pls.' Opp., ECF No. 50 at 37–38.) But Plaintiffs do not allege that the School District or any of the moving Defendants authored, adopted, or disseminated those statements. Liability requires publication by the defendant, not passive inaction in response to others' speech. *See Ersek v. Twp. of Springfield*, 102 F.3d 79, 83–84 (3d Cir. 1996) (requiring the government "publish" a materially false statement); *Pasour v. Phila. Hous. Auth.*, 67 F. Supp. 3d 683, 699 (E.D. Pa. 2014) (statements in newspaper article insufficient where not made or controlled by defendant); *Zucal v. Cty. of Lehigh*, 660 F. Supp. 3d 334, 349 (E.D. Pa. 2023) (granting motion to dismiss where plaintiff failed to plausibly allege defendants themselves made defamatory statements); *Fouse v. Beaver Cty.*, No. 2:14-cv-00810, 2015 WL 1967242, at \*4 (W.D. Pa. May 1, 2015) (granting motion to dismiss where alleged defamatory statement at board meeting was not sufficient to establish adoption or dissemination). Plaintiffs' reliance on *Hart v. W. Mifflin Area Sch. Dist.*, No. 16-1066, 2017 WL 1282623 (W.D. Pa. Apr. 6, 2017), is misplaced. In *Hart*, although the social media posts were anonymous, the plaintiff alleged the defendants themselves made the posts, satisfying the publication requirement. *Id.* at \*1–\*2. Here, Plaintiffs allege that the statements were made by third parties, which is insufficient. *See Ersek*, 102 F.3d at 83–84. Because Plaintiffs do not plausibly allege that Defendants made or disseminated any defamatory statement, the stigma prong fails and Count II should be dismissed on this basis alone.

Second, Plaintiffs fail to plausibly allege the "plus" prong. Plaintiffs rely on *Goss v. Lopez*, 419 U.S. 565 (1975). This case does not resemble *Goss*. *Goss* involved suspensions during the regular school term that excluded students from ongoing classroom instruction and the educational process for up to ten days. 419 U.S. at 576. Here, Plaintiffs allege that the suspension occurred in

9

the last two days of the school year, after classes and exams had ended and no meaningful instruction was taking place. (Amend. Compl., ECF No. 17 ¶¶ 53–54.) Any alleged deprivation was *de minimis,* unlike the educational exclusion at issue in *Goss*. As discussed in Defendants' opening brief, Plaintiffs' remaining alleged harms do not satisfy the "plus" prong because they are not tied to any state-imposed change in legal status. (Def. Mot. to Dismiss, ECF No. 43 at 35). Because Plaintiffs fail to plausibly allege a violation of liberty interest in their reputation, Count II must be dismissed in its entirety under Rule 12(b)(6).

### V. Plaintiffs Fail to State a Procedural Due Process Claim in Count IV as No Pre-Deprivation Hearing Was Required and Any Deprivation Was *De Minimis*.

Even accepting Plaintiffs' non-conclusory allegations, their procedural due process claim fails. A pre-deprivation hearing is not required where it is not feasible considering the practicable realities. Rather, the hearing may instead be provided as soon as reasonably feasible thereafter. *See Goss*, 419 U.S. at 582–83. Plaintiffs acknowledge as much. (Pls.' Opp., ECF No. 50 at 48.)

Plaintiffs' own allegations establish that the relevant incident occurred in the final three days of school, with the suspension going into effect two days before the school year concluded. (Amend. Compl., ECF No. 17 ¶¶ 53–54.) Plaintiffs lost no meaningful educational opportunity, particularly when compared to the 10-day suspension at issue in *Goss*. 419 U.S. at 569, 576; *see also Fenton v. Steer*, 423 F. Supp. 767, 772 (W.D. Pa. 1976) (student's three-day in-school suspension was *de minimis* because he was not deprived of any in-school education). The Amended Complaint fails to allege any plausible basis to conclude anything other than that the compressed timeline imposed practical constraints that made a pre-deprivation hearing impracticable. For example, in *Sweet v. Childs, 518* F.2d 320 (5th Cir. 1975), the Fifth Circuit held that there were no Due Process violations despite the lack of pre-deprivation hearing where the events at issue in the litigation occurred at the end of the week and the suspended students had

10

already left school grounds. *Id.* at 231. Rather, an informal parent-teacher conference after the suspension went into effect was sufficient to satisfy the notice-and-hearing requirements. *Id.* Courts in this District have considered similar factors in dismissing procedural due process claims in the context of a teacher's suspension. *See Suniaga v. Downingtown Area Sch. Dist.*, 765 F. Supp. 3d 413, 425–27 (E.D. Pa. 2025) (granting summary judgment motion on procedural due process claim where "reality on the ground" included school administrators responding to the "demands" of the "beginning of [the] school year" when imposing suspension without a pre-deprivation hearing), *reconsideration denied,* No. CV 20-2283, 2025 WL 1223533 (E.D. Pa. Apr. 28, 2025). Those same practical realities are present here. The incident occurred at the end of the academic year, after formal instruction had ceased, and required school administrators to respond promptly to student conduct and safety concerns. Under these circumstances, due process did not require a formal pre-deprivation hearing.

## VI.    Plaintiffs Fail to State a Title VI Claim in Count III Because They Do Not Plausibly Allege Discrimination "Because of" any Protected Class.

Plaintiffs try to convert disagreement with a disciplinary decision into a federal discrimination claim without alleging facts linking that decision to any protected class. This is impermissible under Title VI. As discussed in Defendants' opening brief, Plaintiffs admit neither John Hiester nor Meru Parmar is Jewish. (Amend. Compl., ECF 17 ¶ 34; Pls.' Opp., ECF No. 50 at 42.) To avoid dismissal, Plaintiffs proceed on a theory that they were "perceived" to be Jewish and disciplined on that basis. But Plaintiffs plead no non-conclusory facts supporting a plausible inference that Defendants held such a perception, let alone that it motivated the discipline imposed.

Plaintiffs' own exhibits undermine their theory. Plaintiffs rely on Defendant Thompson's investigatory statement, (Pls.' Opp., ECF No. 50 at 42 n.11), but that statement reflects only that

11

#125565190v1

non-party J.P.'s father raised "some concerns of safety and anti-semitism," not that Defendants perceived Plaintiffs themselves to be Jewish or acted on that basis. (Ex. 5, ECF No. 17-1 at 45.) A parent's concern about antisemitism generally does not plausibly establish a Defendants' perception that Plaintiffs were Jewish, much less that any Defendant acted because of it. Even more problematic for Plaintiffs is that the same statement demonstrates Defendant Thompson took responsive steps to investigate and address the concerns, including directly asking Plaintiffs whether they had experienced or heard any antisemitic harassment that made them feel unsafe or uncomfortable. Plaintiff Hiester reported no such conduct beyond a single classroom incident involving a whiteboard message. (Ex. 5, ECF No. 17-1 at 47.) These allegations do not support a plausible inference that Defendants acted because of a protected class.

Plaintiffs' "pretext" theory likewise fails. Plaintiffs argue that the stated non-discriminatory reason for discipline—escorting an unauthorized visitor onto campus—was pretextual. (Pls.' Opp., ECF No. 50 at 43.); *Williams v. Pennridge Sch. Dist.*, No. 15-4163, 2018 WL 6413314, at *5 (E.D. Pa. Dec. 6, 2018) (pretext requires allegations defendant's proffered nondiscriminatory reason was either post hoc fabrication or did not motivate the adverse action). But disagreement with a disciplinary decision does not plausibly establish discriminatory intent. Plaintiffs' assertion that no such policy existed is incorrect; the School District's Code of Conduct prohibited unauthorized visitors, a public document of which this Court may take judicial notice without converting this motion. *See Miller v. Nelling*, No. 22-3329, 2023 WL 1864866, at *1 n.3 (E.D. Pa. Feb. 8, 2023); *Miller v. Aldecocea*, No. 23-00409, 2023 WL 4534591, at *4 n.2 (E.D. Pa. July 13, 2023). Plaintiffs plead no facts suggesting that policy was enforced selectively based on a protected class.

12

Plaintiffs' comparator allegations do not cure that defect. Plaintiffs rely on student A.A., (Pls.' Opp., ECF No. 50 at 45), but do not allege that A.A. engaged in comparable conduct, namely, escorting an unauthorized visitor onto campus. Instead, they allege that A.A. left school without permission. (Amend. Compl., ECF No. 17 ¶ 238.) That is not a similarly situated comparator and cannot support a plausible inference of discrimination. Plaintiffs also attempt to infer discrimination from the timing and adequacy of Defendants' response, arguing without factual support that Defendants did not act quickly enough to investigate or rescind discipline. (Pls.' Opp., ECF No. 50 at 42–43.) But that theory fails under both an intent-based and deliberate indifference framework. *Hamilton v. Spriggle*, 965 F. Supp. 2d 550, 565 (M.D. Pa. 2013) (teacher's aides' "lack of swiftness" in reporting abuse did not rise to the level of deliberate indifference in substantive due process claim). Considered in context, where the events occurred in the final days of the school year, these allegations do not plausibly support discriminatory intent or deliberate indifference. *See Iqbal*, 556 U.S. at 678; *see also Moore v. Solanco Sch. Dist.*, 471 F. Supp. 3d 640, 656 (E.D. Pa. 2020).

Plaintiffs' reliance on *Booker v. Bangor Area Sch. Dist.*, No. 14-5242, 2015 WL 1344661 (E.D. Pa. Mar. 24, 2015), is misplaced. There, plaintiffs alleged repeated, overt racial harassment over a multi-year period, including racial slurs, explicitly racist conduct, and a complete failure by administrators to respond. *Id.* at *1, *3. Here, Plaintiffs' own exhibits reflect that administrators investigated the allegations and took responsive steps. That distinction forecloses any plausible inference of deliberate indifference. Plaintiffs' remaining authorities do not support extending Title VI liability to these circumstances. In *Landau v. Corporation of Haverford College*, 780 F. Supp. 3d 548 (E.D. Pa. 2025), the court rejected efforts to aggregate generalized experiences into a viable claim. *Id.* at 558. And the other cases Plaintiffs cite involve plaintiffs who were themselves

13

members of the protected class, unlike here. *See Stand With Us Ctr. for Legal Just. v. Mass. Inst. of Tech.*, 158 F.4th 1, 15–20 & n.12 (1st Cir. 2025); *T.E. v. Pine Bush Cent. Sch. Dist.*, 58 F. Supp. 3d 332, 354 (S.D.N.Y. 2014).

Plaintiffs fail to plausibly allege that Defendants disciplined them because of a protected class or were deliberately indifferent to discrimination. Their allegations rely on speculation, mischaracterization of their own exhibits, and disagreement with disciplinary decisions, not discriminatory intent. That is insufficient as a matter of law and thus, Count III must be dismissed.

**VII.    Plaintiffs' Opposition Confirms Defendants Are Entitled to Qualified Immunity as There Were No Clearly Established Constitutional Violations.**

Plaintiffs argue that Defendants are not entitled to qualified immunity because the constitutional violations were clearly established. (Pls.' Opp., ECF No. 50 at 49–51.) But Plaintiffs' own authorities confirm the opposite.

First, Plaintiffs attempt to rebut Defendants' argument that qualified immunity applies because the law is unsettled. To do so, Plaintiffs rely on *Safford Unified Sch. Dist. No. 1 v. Redding,* 557 U.S. 364 (2009), for the proposition that the law may be clearly established even where no case at the time of the incident had addressed the precise conduct at issue. (Pls.' Opp., ECF No. 50 at 51.) But *Safford* undermines Plaintiffs' position. There, although the Supreme Court held that a school official's strip search of a student was unconstitutional, it nevertheless granted qualified immunity because existing precedent did not clearly establish the unlawfulness of the conduct. 557 U.S. at 379. The Court emphasized that conflicting authority and the absence of clear guidance. *Id.* at 378–79. The same is true here. Plaintiffs' reliance on *Leveto v. Lapino*, 258 F.3d 156 (3d Cir. 2001), is likewise misplaced.  In *Leveto*, the Third Circuit affirmed that the defendants were entitled to qualified immunity on a motion to dismiss because the case law was unsettled.

14

*Id.* at 173–74. Thus, Plaintiffs' own cases confirm that where, as here, the governing law is uncertain, qualified immunity applies.

Courts have repeatedly granted qualified immunity in circumstances like this case because the law lacked clear boundaries. For example, the Fifth Circuit in *Morgan v. Swanson,* 659 F.3d 359 (5th Cir. 2011) (en banc), granted qualified immunity to school officials and emphasized the "delicate constitutional balance" schools must maintain between accommodating student religious expression and avoiding Establishment Clause violations. *Id.* at 371. The court explained: "The many cases and the large body of literature on this set of issues demonstrate a **lack of adequate guidance, which is why no federal court of appeals has ever denied qualified immunity to an educator in this area**. We decline the plaintiffs' request to become the first." *Id.* (emphasis added and citations omitted); *see C.F. ex rel Farnan v. Capistrano Unified Sch. Dist.*, 654 F.3d 975, 987 (9th Cir. 2011) (teacher was entitled to qualified immunity where Establishment Clause precedent is scarce and provides little guidance on what constitutes prohibited conduct).

The Supreme Court has instructed that "qualified immunity protects all but the plainly incompetent or those who knowingly violate the law." *City of Tahlequah v. Bond*, 595 U.S. 9, 12 (2021) (quotation marks omitted). Plaintiffs' allegations do not plausibly place Defendants in either category. Rather, they confirm that Defendants acted reasonably under the circumstances without a knowing violation of the law. (Amend. Compl., ECF No. 17 ¶¶ 89, 97–99.) For these reasons and those in Defendants' Motions to Dismiss, the claims should be dismissed.

## VIII.    Conclusion

For the foregoing reasons, and for those outlined in Defendants' Motion to Dismiss (ECF No. 43), Defendants respectfully request that the Court grant Defendants' Motion to Dismiss in its entirety and dismiss all counts with prejudice.

15

#125565190v1

Date:   April 7, 2026                           */s/ Marjorie McMahon Obod*
                                                Marjorie McMahon Obod
                                                **DILWORTH PAXSON LLP**
                                                1650 Market Street, Suite 1200
                                                Philadelphia, Pennsylvania 19103

                                                *Attorney for Defendants,*
                                                *The School District of Philadelphia,*
                                                *Kiana Thompson, Rashida Stamps,*
                                                *and Richard Gordon*

16

#125565190v1

**CERTIFICATE OF SERVICE**

I, Marjorie M. Obod, Esquire, certify that on the 7th day of April, 2026, I caused the

foregoing REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE

AMENDED COMPLAINT, to be filed, served and made available for viewing and downloading

by the C/M ECF System.


Date:   April 7, 2026                          */s/ Marjorie McMahon Obod*
                                               Marjorie McMahon Obod
                                               **DILWORTH PAXSON LLP**
                                               1650 Market Street, Suite 1200
                                               Philadelphia, Pennsylvania 19103

                                               *Attorney for Defendants,*
                                               *The School District of Philadelphia,*
                                               *Kiana Thompson, Rashida Stamps,*
                                               *and Richard Gordon*

#125565190v1