**PIN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| HIESTER, et al, | : | |
| Plaintiffs, | : | CIVIL ACTION |
| v. | : | NO. 25-04502-JMY |
| THE SCHOOL DISTRICT OF PHILADELPHIA, et al | : | |
| Defendants. | : | |

**DEFENDANTS RICHARD GORDON, KIANA THOMPSON, AND RASHIDA STAMP'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

Defendants Richard Gordon, Kiana Thompson, and Rashida Stamps,[1] by and through their undersigned counsel, answer the allegations of the First Amended Complaint (the "Amended Complaint") brought by Plaintiffs Kathryn Hiester and Christopher Hiester, J. Hiester, Catherine Parmar and Ratnadeep Parmar, and M. Parmar ("Plaintiffs")[2], and raise affirmative defenses, as follows:

1. Admitted in part and denied in part. It is admitted only that the allegations in this paragraph purport to describe the nature of the claims alleged in Plaintiffs' Amended Complaint. Further, the allegations in Paragraph 1 set forth conclusions of law to which no response is required. To the extent a response is required, the allegations are denied. Except as expressly admitted, the remaining allegations are denied.

[1] The Amended Complaint also named the School District of Philadelphia (the "School District"), Keziah Ridgeway, and Kristin Luebbert as defendants. However, the Court has since dismissed the School District, Ms. Ridgeway, and Ms. Luebbert from this case. (ECF No. 66).

[2] In the Amended Complaint, Plaintiffs M. Danowitz and Jean Danowitz (the "Danowitz Plaintiffs") also asserted claims. However, the Court dismissed the Danowitz Plaintiffs' claims on August 21, 2026. (ECF No. 66).

2. Admitted in part and denied in part. It is admitted only that the allegations in this paragraph purport to describe the nature of the claims alleged in Plaintiffs' Amended Complaint. Further, the allegations in Paragraph 2 set forth conclusions of law to which no response is required. To the extent a response is required, the allegations are denied. Footnote 1 is admitted in part and denied in part. It is admitted only that J. Hiester and M. Parmar are no longer minors. Defendants are without sufficient information and knowledge to form a belief as to the remaining allegations.

3. Denied.

4. Denied.

5. Denied.

6. Denied.

7. Denied.

8. Denied.

9. Denied. The allegations in Paragraph 9 set forth conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

10. Denied. The allegations in Paragraph 10 set forth conclusions of law to which no response is required. To the extent a response is required, the allegations are denied. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph and, therefore, deny same.

11. Denied.

12. Denied. The allegations in Paragraph 12 set forth conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

13. Denied.

14. Denied. The allegations in Paragraph 14 set forth conclusions of law to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

15. Denied. The allegations in Paragraph 15 set forth conclusions of law to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

16. Denied.

## II. FACTUAL BACKGROUND

17. Denied. The allegations in Paragraph 17 set forth conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

18. Denied. The allegations in Paragraph 18 set forth conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

19. Denied. The allegations in Paragraph 19 reference determinations by the Department of Education which are writings that speak for themselves and, therefore, any characterization thereof is denied.

20. Denied. The letter referenced in Paragraph 20 is a writing that speaks for itself and, therefore, any characterization thereof is denied.

21. Denied. The allegations of Paragraph 21 are directed principally at Keziah Ridgeway, who has been dismissed as a defendant in this action, and therefore require no response from answering Defendants. The allegations further consist of argument, characterization, and conclusions of law to which no responsive pleading is required. To the extent a response is required, the allegations are denied.

22. Denied. The allegations of Paragraph 22 are directed principally at Ms. Ridgeway, who has been dismissed as a defendant in this action, and therefore require no response from answering Defendants. The allegations further consist of argument, characterization, and conclusions of law to which no responsive pleading is required. To the extent a response is required, the allegations are denied.

23. Denied. The allegations of Paragraph 23 are directed principally at Ms. Ridgeway, who has been dismissed as a defendant in this action, and therefore require no response from answering Defendants. The allegations further consist of argument, characterization, and conclusions of law to which no responsive pleading is required. To the extent a response is deemed required, the averments are denied.

## III. JURISDICTION AND VENUE

24. Denied. The allegations in Paragraph 24 set forth conclusions of law to which no response is required. To the extent a response is required, the allegations are denied. Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph and, therefore, deny same.

25. Denied. The allegations in Paragraph 25 set forth conclusions of law to which no response is required. To the extent a response is required, the allegations are denied. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph and, therefore, deny same.

## IV. THE PARTIES

26. Admitted in part and denied in part. It is admitted only that J. Hiester was 16 years old at the time of the June 2024 events and attended Palumbo from September 2022 through June 2024. Except as expressly admitted, the allegations in this paragraph are denied.

27. Admitted in part and denied in part. It is admitted only that J. Hiester had a 4.0 grade point average, had no record of discipline at Palumbo, and was a member of the National Honor Society and on the honor roll from 2022 to 2024. Paragraph No. 27 sets forth legal conclusions to which no response is required. To the extent a response is required, the allegations in this paragraph are denied. Footnote 2 is admitted in part and denied in part. It is admitted only that J. Hiester experienced conflict with A.B. It is also admitted that A.B. held up a white board that referenced Hamas. Except as expressly admitted, the remaining allegations in footnote 2 are denied. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and, therefore, deny same

28. Denied. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, deny same.

29. Denied. No response is required to the allegations in Paragraph 29, as M. Danowitz was dismissed as a plaintiff in this action. To the extent a response is deemed required, Defendants admit only that M. Danowitz attended Palumbo during the 2023 school year and thereafter enrolled at another school. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning M. Danowitz's religious identity, and personal beliefs regarding Israel and, therefore, those allegations are denied. The allegation that M. Danowitz "was subject to invidious, hostile discrimination and suffered extreme damage to his reputation as the direct result of Defendants' actions and omissions" sets forth a legal conclusion to which no response is required. To the extent a response is deemed required, this allegation is specifically denied. Except as expressly admitted, the remaining allegations in this paragraph are denied.

30. Admitted in part and denied in part. It is admitted only that M. Parmar attended Palumbo from September 2022 through June 2024 and, upon information and belief, was 16 years old in

June 2024. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning M. Parmar's ethnicity and, therefore, those allegations are denied. Defendants likewise lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning M. Parmar's current residence, his current school enrollment, or his family's relocation and, therefore, those allegations are denied. The allegations that M. Parmar "was subject to invidious, hostile discrimination and suffered extreme mental and physical anguish as well as damage to his liberty interest in his reputation" set forth conclusions of law to which no response is required. To the extent a response is required, the allegations are specifically denied. Except as expressly admitted, the remaining allegations are denied.

31. Denied. The allegations in Paragraph No. 31 set forth legal conclusions to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

32. Denied. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny same.

33. Denied. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny same.

34. Denied. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny same.

35. Denied. The allegations in Paragraph 35 set forth legal conclusions to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

36. Admitted in part and denied in part. It is admitted only that Richard Gordon IV is an Assistant Superintendent of the School District, and that the Academy at Palumbo is

among the schools to which he is assigned. The allegation that Assistant Superintendent Gordon "is sued in his individual and official capacities" is a characterization of Plaintiffs' pleading to which no response is required and, therefore, such allegation is denied. Except as expressly admitted, the remaining allegations are denied.

37. Admitted in part and denied in part. It is admitted only that Kiana Thompson is a principal at Palumbo which is located at 1100 Catherine Street, Philadelphia, PA 19147. The allegation that Principal Thompson "is sued in her individual and official capacities" is a characterization of Plaintiffs' pleading to which no response is required and, therefore, such allegation in denied. Except as expressly admitted, the remaining allegations are denied.

38. Admitted in part and denied in part. It is admitted only that Rashida Stamps is Dean of Student Conduct at Palumbo which is located at 1100 Catherine Street, Philadelphia, PA 19147. The allegation that Dean Stamps "is sued in her individual and official capacities" is a characterization of Plaintiffs' pleading to which no response is required and, therefore, such allegation in denied. Except as expressly admitted, the remaining allegations are denied.

39. Denied. The allegations of Paragraph 39 are directed principally at Kristin Luebbert, who has been dismissed as a defendant in this action, and therefore require no response from answering Defendants. The allegation that Ms. Luebbert "is sued in her individual and official capacities" is a characterization of Plaintiffs' pleading to which no response is required and, therefore, such allegation in denied.

40. Denied. The allegations of Paragraph 40 are directed principally at Ms. Ridgeway, who has been dismissed as a defendant in this action, and therefore require no response from answering Defendants. The allegation that Ms. Ridgeway "is sued in her

individual and official capacities" is a characterization of Plaintiffs' pleading to which no response is required and, therefore, such allegation in denied.

## V. FACTS

41. Denied.

42. Denied.

43. Denied.

44. Admitted in part and denied in part. It is admitted only that a student-created poster was posted in the school by a student during Ramadan. Except as expressly admitted, the allegations in this paragraph are denied. By way of further response, students post artwork or decorations relating to other religions and cultures, including, but not limited to, Christmas and Hispanic Heritage Month.

45. Denied as stated. The school permitted students observing Ramadan to use a designated space in the school large enough to accommodate group prayer once a day during the month of Ramadan

46. Denied.

47. Denied. The allegations in Paragraph 47 concern the events of October 7, 2023 in Israel and describe historical matters not directed at answering Defendants and, as such, no response is required. To the extent a response is deemed required, Defendants do not dispute that Hamas carried out a terrorist attack in Israel on October 7, 2023, in which approximately 1,200 people were killed and hundreds were taken hostage. Except as expressly stated, all remaining allegations are denied. Footnote 3 is denied. The website referenced in footnote 3 is a writing that speaks for itself and, therefore, any characterization thereof is denied.

48. Denied.

49. Admitted in part and denied in part. It is admitted only that student A.B. held up a sign that read "I heart Hamas." Except as expressly admitted, the allegations in this paragraph are denied.

50. Admitted in part and denied in part. It is admitted only that a Holocaust survivor came to speak at Palumbo. Except as expressly admitted, Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and, therefore, deny same. By way of further response, two students complained to Principal Thompson, and Principal Thompson met with the students and supported their proposed assembly.

51. Admitted in part and denied in part. It is admitted only that a subsequent assembly was organized by a Jewish Palumbo student with Principal Thompson's support. It is admitted that a signed permission slip was required to attend the event. It is admitted that one of the guest speakers included a rabbi. Except as expressly admitted, remaining allegations in this paragraph are denied. By way of further response, the other invited speaker was the executive director of Sisterhood of Salaam Shalom whose religion is unknown to the Defendants.

52. Denied. The social media posts referenced in Paragraph 52 are writings that speak for themselves and, therefore, any characterization thereof is denied.

53. Admitted in part and denied in part. It is admitted only that the school year officially ended on June 14, 2024, final exams and grades were concluded the first week of June 2024. Except as expressly admitted, the allegations in this paragraph are denied.

54. Admitted in part and denied in part. It is admitted only that instructional programming during the final days of the school year at Palumbo differs from that of the regular academic calendar, and that teachers are present in their assigned classrooms during those days. Except as expressly admitted, the remaining allegations are denied. It is specifically denied that students are permitted to

"come and go as they please within the school building, and even to leave the school campus." By way of further response, students are held to the code of conduct and never able to "come and go as they please" because this would pose a safety risk.

55. Denied. Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph and, therefore, deny same.

56. Admitted in part and denied in part. It is admitted only that J. Hiester and M. Danowitz approached the school building. Except as expressly admitted, the remaining allegations are denied. It is specifically denied that Dean Stamps and Principal Thompson saw M. Danowitz enter the school.

57. Admitted in part and denied in part. It is admitted only that J. Hiester entered through the main entrance at 11th and Catharine, placed his backpack on the scanner, and walked through the metal detector. Except as expressly admitted, the remaining allegations are denied.

58. Admitted in part and denied in part. It is admitted only that M. Danowitz entered Palumbo and placed his backpack on the x-ray machine belt where it was scanned. Except as expressly admitted, the allegations in this paragraph are denied.

59. Admitted in part and denied in part. It is admitted only that J. Hiester checked into his first period class and obtained a note from his teacher to leave the classroom. Except as expressly admitted, the allegations in this paragraph are denied as Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

60. Denied. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny same.

61. Denied. Defendants are without knowledge or information sufficient to form a belief as to the allegations in this paragraph and, therefore, deny same.

62. Admitted in part and denied in part. It is admitted only that Palumbo has a room adjacent to the library that is known as the Quiet Room. The statement referenced in Paragraph 62 is a writing that speaks for itself and, therefore, any characterization thereof is denied. Except as expressly admitted, the remaining allegations in this paragraph are denied. It is specifically denied that the Quiet Room was restricted based on religion. Footnote 4 is denied. The exhibits referenced in footnote 4 are writings or photographs that speak for themselves and, therefore, any characterization thereof is denied.

63. Denied. Defendants are without knowledge or information sufficient to form a belief as to the allegations in this paragraph and, therefore, deny same.

64. Admitted in part and denied in part. It is admitted only that there is no indication of any gender or religious restriction on use of occupancy of the Quiet Room. Exhibit 4 referenced in Paragraph 64 is a photograph that speaks for itself and, therefore, any characterization thereof is denied. Except as expressly admitted, the remaining allegations in this paragraph are denied.

65. Admitted in part and denied in part. It is admitted only that M. Parmar, J. Hiester, and M. Danowitz entered the Quiet Room on or about June 11, 2024 (the "Incident") and that female students were present when they entered. After a reasonable investigation, Defendants lack knowledge or information sufficient to form a belief as to the truth of remaining allegations in this paragraph and, therefore, deny same.

66. Denied. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny same.

67. Denied. To the extent Paragraph 67 purports to characterize or interpret the photographs attached to the Amended Complaint, Defendants specifically deny those characterizations and interpretations as the photographs speak for themselves.

68. Denied. To the extent Paragraph 68 purports to characterize or interpret the photographs attached to the Amended Complaint, Defendants specifically deny those characterizations and interpretations as the photographs speak for themselves.

69. Admitted in part and denied in part. It is admitted only that there were religious items, a table, and several chairs in the Quiet Room. Except as expressly admitted, the allegations in this paragraph are denied.

70. Denied. The exhibit referenced in Paragraph 70 is a photograph that speaks for itself and, therefore, any characterization thereof is denied.

71. Admitted.

72. Denied.

73. Denied. The placard referenced in Paragraph 73 is a writing that speaks for itself and, therefore, any characterization thereof is denied.

74. Admitted in part and denied in part. It is admitted only that a student recorded a video while in the Quiet Room. Except as expressly admitted, the allegations in this paragraph are denied. Further, the video speaks for itself and, therefore, any characterizations thereof are denied. Footnote 5 is denied as stated. On one occasion, J2 and his family made a complaint to Principal Thompson regarding alleged antisemitism. Plaintiffs' characterizations of J2 and his family's perception and J2's motive for taking the video of the Quiet Room are specifically denied.

75. Denied as stated. The allegations in Paragraph 75 purport to characterize and selectively quote from a video attached to the Amended Complaint, which is a document that speaks

for itself and, therefore, any characterization thereof is denied. It is admitted only that the recording depicts M. Danowitz posing several questions and a girl responding. After a reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the accuracy of referenced words referenced in this paragraph as stated.

76. Admitted in part and denied in part. The allegations in Paragraph 76 purport to characterize and selectively quote from a video attached to the Amended Complaint, which is a document that speaks for itself and, therefore, any characterization thereof is denied. It is admitted that the recording depicts M. Danowitz making several statements that purportedly include words similar to those quoted, and that M. Danowitz sang and did a handstand. After a reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and, therefore, deny same. Footnote 6 is admitted in part and denied in part. It is admitted that the full version of the video is the subject of a third-party subpoena and Ms. Crayton viewed a video of the Quiet Room. It is denied that Ms. Trower viewed the video of the Quiet Room. Defendants are without sufficient information and knowledge to form a belief as to the remaining allegations.

77. Admitted in part and denied in part. It is admitted only that the School District's investigation did not substantiate that any of the male students made physical contact with any female student present in the Quiet Room. The allegation that the male students did not "even approach" any female student is vague and undefined and, therefore, is denied as stated. The allegations purporting to characterize the statements of the female students, the video recording, and the School District's Investigation Records are denied to the extent that each of these materials is a document which speaks for itself. Except as expressly admitted, the remaining allegations in this paragraph are denied.

78. Denied. After a reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny same. Footnote 7 is denied. The statement referred to in footnote 7 is a writing which speaks for itself and, therefore, any characterization thereof is denied.

79. Denied. After a reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny same.

80. Denied as stated. Defendants are aware that J. Hiester reported receiving text messages. After a reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and, therefore, deny same.

81. Denied as stated. Defendants are aware that J. Hiester reported receiving phone calls. After a reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and, therefore, deny same.

82. Denied as stated. Defendants are aware that J. Hiester reported receiving phone calls. After a reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny same.

83. Denied as stated. Defendants are aware that J. Hiester reported receiving text messages and calls. After a reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny same.

84. Denied as stated. By way of further response, at some point after they left the library, M. Parmar and J2 were present in the computer lab classroom.

85. After a reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny same.

86. After a reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny same.

87. After a reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny same.

88. Denied as stated. By way of further response, M. Parmar arranged for an early dismissal. After a reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and, therefore, deny same.

89. Admitted in part and denied in part. It is admitted only that Principal Thompson contacted J. Hiester's parents, that J. Hiester returned to school, and that J. Hiester participated in an investigation by completing an incident report in Dean Stamps' office. After a reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and, therefore, deny same.

90. Denied. By way of further response, J. Hiester encountered A.B. in the bathroom on June 12, 2024, after J. Hiester and his mother met with Dean Stamps and Principal Thompson. After a reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny same.

91. Denied. After a reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny same.

92. Admitted in part and denied in part. It is admitted that Principal Thompson contacted Ms. Danowitz and informed her that Palumbo students reported that M. Danowitz harassed them in the Quiet Room. Except as expressly admitted, the remaining allegations are denied. It is specifically denied that Principal Thompson claimed M. Danowitz had "snuck" into Palumbo.

93. Denied. After a reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny same.

94. Denied. After a reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny same.

95. Denied. The text message referenced in Paragraph 95 refers to a writing that speaks for itself and, therefore, any characterization thereof is denied.

96. Denied as stated. By way of further response, there were social media posts relating to the Incident made on the day of the Incident. Social media posts are writings that speak for themselves and, therefore, any characterization thereof is denied. After a reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and, therefore, deny same.

97. Admitted in part and denied in part. It is admitted only that J. Hiester and his mother met with Principal Thompson and Dean Stamps on June 12, 2024. Except as expressly admitted, the remaining allegations are denied. By way of further response, Dean Stamps and Principal Thompson acknowledged J. Hiester and Ms. Hiester's complaints.

98. Admitted in part and denied in part. It is admitted only that Principal Thompson contacted Mr. Parmar on June 12, 2024 to request a statement from M. Parmar. Except as expressly admitted, the allegations in this paragraph are denied.

99. Admitted in part and denied in part. It is admitted that M. Parmar arrived at school on June 12 and was directed to Principal Thompson's office to fill out an incident report. Except as expressly admitted, the allegations in this paragraph are denied.

100. Denied.

101. Admitted in part and denied in part. It is admitted only that Principal Thompson spoke to a School District investigator. The statement referenced in this paragraph is a writing that speaks for itself and, therefore, any characterization thereof is denied. Except as expressly admitted, the remaining allegations in this paragraph are denied.

102. Admitted in part and denied in part. It is admitted only that Principal Thompson told M. Parmar that he was identified as an individual being present during the Incident. Except as expressly admitted, the remaining allegations in this paragraph are denied.

103. Admitted in part and denied in part. It is admitted only that the School District provided no footage from inside the Quiet Room relating to the Incident. By way of further response, there are no cameras in the Quiet Room or library. Except as expressly admitted, the remaining allegations are denied. It is specifically denied that Principal Thompson and Dean Stamps informed J. Hiester and M. Parmar that there were cameras in the Quiet Room.

104. Denied.

105. Denied. The title of the Instagram account and posts described in Paragraph 105 are writings that speak for themselves and, therefore, any characterization thereof is denied.

106. Denied. The alleged post described in Paragraph 106 is a writing that speaks for itself and, therefore, any characterization thereof is denied. Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph and, therefore, deny same.

107. Denied. The alleged post described in Paragraph 107 is a writing that speaks for itself and, therefore, any characterization thereof is denied.

108. Denied. The alleged post described in Paragraph 108 is a writing that speaks for itself and, therefore, any characterization thereof is denied. Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph and, therefore, deny same.

109. Denied. The alleged posts described in Paragraph 109 are writings that speak for themselves and, therefore, any characterization thereof is denied. Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph and, therefore, deny same.

110. Denied. The alleged post described in Paragraph 110 is a writing that speaks for itself and, therefore, any characterization thereof is denied.

111. Denied. The alleged message described in Paragraph 111 is a writing that speaks for itself and, therefore, any characterization thereof is denied. Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph and, therefore, deny same.

112. Denied. Defendants are without knowledge or information sufficient to form a belief as to the allegations in this paragraph and, therefore, deny same.

113. Admitted in part and denied in part. It is admitted only that Ms. Hiester sent an email to Dean Stamps and Principal Thompson on or about June 12, 2024. The email described in Paragraph 113 is a writing that speaks for itself and, therefore, any characterization thereof is denied. Except as expressly admitted, the allegations in this paragraph are denied.

114. Denied as stated. By way of further response, Principal Thompson informed Assistant Superintendent Gordon about the issues and Ms. Hiester was informed of the decision to suspend J. Hiester. It is specifically denied that Principal Thompson callously ignored and denigrated Plaintiffs' concerns. The remaining allegations in this paragraph are denied because they refer to a writing that speaks for itself and, therefore, any characterization thereof is denied. The remaining allegations are further denied because, after a reasonable investigation, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

115. Denied. The allegations in Paragraph 115 set forth conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

116. Admitted in part and denied in part. It is admitted that there is a video that captures M. Danowitz entering the school and that Plaintiffs' counsel wrote to School District counsel regarding the video. Defendants deny Plaintiffs' counsel's self-serving characterizations of same in this paragraph either based on the fact that they refer to writings or recordings that speak for themselves and/or because after a reasonable investigation, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

117. Admitted in part and denied in part. It is only admitted that the suspensions were removed from the students' academic records. Except as expressly admitted, the remaining allegations are denied. It is specifically denied that the video exonerates the minor Plaintiffs and the accusations of trespass were completely fabricated. Footnote 8 is admitted in part and denied in part. It is admitted

only that J. Hiester's punishment was downgraded to in-school suspension and then removed entirely from his disciplinary record. Except as expressly admitted, the remaining allegations in footnote 8 are denied.

118. Denied. By way of further response, on June 12, 2024, Dean Stamps and Principal Thompson met with J. Hiester and Ms. Hiester during which Principal Thompson asked J. Hiester how he could describe the entire Incident without referencing M. Danowitz at all. The facts relating to M. Danowitz's entry to the school were addressed in that meeting and before the suspension. By way of further response, the incident report J. Hiester and M. Parmar were instructed to fill out was a standard form in which they could explain what happened on June 11, 2024, including who was present. The remaining allegations in this paragraph are denied.

119. Admitted in part and denied in part. It is admitted only that J2's parents had a meeting scheduled with Principal Thompson on June 13, 2024, to discuss a prior complaint. It is further admitted that Plaintiffs accompanied J2 and his family to school on this day (the morning of Palumbo's graduation) with no prior notice to Principal Thompson. It is admitted Plaintiffs filed a police report. After a reasonable investigation, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and, therefore, deny same.

120. Admitted.

121. Denied as stated. On June 13, 2024, Principal Thompson stated that she would only meet with the individuals who had scheduled a meeting for that day and that she would schedule meetings with other students and parents on request and when Assistant Superintendent Gordon was available.

122. Admitted.

123. Denied. It is specifically denied that Principal Thompson called for school security or the police.

124. Denied. The allegations in Paragraph 124 refer to a writing that speaks for itself and, therefore, any characterization thereof is denied.

125. Denied. After a reasonable investigation, Defendants lack knowledge as to the truth of the remaining allegations in this paragraph. Further, the exhibit referenced in this paragraph is a writing that speaks for itself and, therefore, any characterization thereof is denied.

126. Admitted in part and denied in part. It is admitted only that Plaintiffs went to the Central Office and met with Ms. Crayton and Ms. Trower and provided them with statements. The statements referenced in Paragraph No. 126 are writings that speak for themselves and, therefore, any characterization thereof is denied. Except as expressly admitted, the allegations in this paragraph are denied. It is specifically denied that the statement would be submitted to the Superintendent; rather, Plaintiffs were informed the statements would be submitted to the investigator, Steven Jefferson.

127. Admitted in part and denied in part. It is admitted only that Ms. Crayton told Plaintiffs they would be contacted by an investigator the following morning. Except as expressly admitted, the remaining allegations are denied. It is specifically denied that Ms. Trower viewed the video taken by J2.

128. Denied. The statements referenced in Paragraph 128 are writings that speak for themselves and, therefore, any characterization thereof is denied. By way of further response, Ms. Crayton told Plaintiffs to show Principal Thompson the video of the Quiet Room.

129. Denied. It is specifically denied that the video referenced in Paragraph 129 is exculpatory.

130. Denied. It is specifically denied that Principal Thompson did not take prompt and appropriate steps regarding reported threats. After a reasonable investigation, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and, therefore, deny same.

131. Denied.

132. Denied. This letter referenced in this paragraph refers to a writing that speaks for itself and, therefore, any characterization thereof is denied.

133. Admitted in part and denied in part. It is admitted only that Plaintiffs raised concerns regarding Palumbo.Positivity posts and Dean Stamps advised that Palumbo.Positivity is not a school account. Paragraph 133 sets forth conclusions of law to which no responsive pleading is required and, therefore, are denied. Except as expressly admitted, the remaining allegations in this paragraph are denied.

134. Denied. It is specifically denied that Dean Stamps acted aggressively to shut down social media posts deemed offensive. Footnote 9 is admitted in part and denied in part. It is admitted only that Palumbo had a school store and, on one occasion, Dean Stamps informed Palumbo students that she would close the school store if the account owner did not take the posts down. Except as expressly admitted, the remaining allegations are denied.

135. Individual Defendant Luebbert was dismissed from this case and, therefore, the allegations in this paragraph do not require a response from Defendants. Footnote 10 is denied. The video and online posts referenced in footnote 10 speak for themselves and, therefore, any characterization thereof is denied.

136. Individual Defendant Luebbert was dismissed from this case and, therefore, the allegations in this paragraph do not require a response from Defendants.

137. Individual Defendants Luebbert and Ridgeway were dismissed from this case and the allegations in this paragraph do not require a response from Defendants.

138. Denied. Paragraph 138 refers to a writing that speaks for itself and, therefore, any characterization thereof is denied.

139. Individual Defendants Luebbert and Ridgeway were dismissed from this case and the allegations in this paragraph do not require a response from Defendants.

140. Denied. The message referenced in Paragraph 140 is a writing that speaks for itself and, therefore, any characterization thereof is denied. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and, therefore, deny same. By way of further answer, Individual Defendants Luebbert and Ridgeway were dismissed from this case and the allegations in this paragraph do not require a response from Defendants.

141. Denied. The message referenced in Paragraph 141 is a writing that speaks for itself and, therefore, any characterization thereof is denied. After a reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and, therefore, deny same. By way of further answer, Individual Defendants Luebbert and Ridgeway were dismissed from this case and the allegations in this paragraph do not require a response from Defendants.

142. Admitted in part and denied in part. It is admitted only that Ms. Hiester emailed Assistant Superintendent Gordon, Ms. Crayton, and Ms. Trower on or about June 14, 2024. The email referenced in paragraph 142 is a writing that speaks for itself and, therefore, any characterization thereof is denied. Except as expressly admitted, the remaining paragraphs are denied.

143. Admitted in part and denied in part. It is admitted only that Ms. Hiester emailed Ms. Trower on or about June 19, 2024. The email referenced in Paragraph 143 is a writing that speaks for itself and, therefore, any characterization thereof is denied. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny same.

144. Denied.

145. Admitted in part and denied in part. It is admitted only that Ms. Parmar emailed Ms. Crayton on or about June 24, 2024. The email referenced in Paragraph 145 is a writing that speaks for itself and, therefore, any characterization thereof is denied. Except as expressly admitted, the remaining allegations are denied.

146. Admitted in part and denied in part. It is admitted that on June 24, 2024, Steven Jefferson, a School District employee in the Office of School Safety ("OSS") Investigation Unit, reached out to students and their parents regarding concerns raised in connection with this matter. Except as expressly admitted, the allegations in this paragraph are denied.

147. Admitted in part and denied in part. It is admitted only that a potential hate crime at Palumbo was reported to OSS and that the matter was assigned to Mr. Jefferson who wrote a report. The Investigator's Report referenced in this paragraph is a writing that speaks for itself and, therefore, any characterization thereof is denied. Except as expressly admitted, the remaining allegations in this paragraph are denied.

148. Denied. The Summary of Complaint referenced in Paragraph 148 is a writing that speaks for itself and, therefore, any characterization thereof is denied.

149. Admitted in part and denied in part. It is admitted only that the report inaccurately states that M. Parmar and J. Hiester are Jewish. Defendants are incapable of responding to the self-

serving characterizations in this paragraph and deny same. Paragraph 149 also sets forth conclusions of law to which no responsive pleading is required and, therefore, are denied. Except as expressly admitted, the allegations in this paragraph are denied.

150. Admitted in part and denied in part. It is admitted that Mr. Jefferson included summaries of Incident Reports regarding the Incident in his report. The remaining allegations in this paragraph are denied as conclusions of law and/or Plaintiffs self-serving conclusion, characterizations, and/or suppositions to which Defendants are unable to respond and, therefore, deny same.

151. Denied. Paragraph 151 refers to a writing that speaks for itself and Plaintiffs self-serving characterizations of same are denied.

152. Denied. Paragraph 152 sets forth conclusions of law to which np response is required. Additionally, this paragraph refers to a writing that speaks for itself and Plaintiffs self-serving characterizations of same are denied.

153. Denied.

154. Denied. Paragraph 154 refers to writings and recordings that speak for themselves and, therefore, any characterization thereof is denied. Defendants deny Plaintiffs characterizations of same.

155. Denied. The report referenced in Paragraph 155 is a writing that speaks for itself and, therefore, any characterization thereof is denied.

156. Denied. The report referenced in Paragraph 156 is a writing that speaks for itself and, therefore, any characterization thereof is denied.

157. Denied. Paragraph 157 refers to writings that speak for themselves and, therefore, any characterization thereof is denied. It is specifically denied that Mr. Jefferson ascribed a nefarious motive to M. Parmar based on his Incident Report.

158. Admitted in part and denied in part. It is admitted only that Mr. Jefferson did not personally interview Plaintiffs. The report referenced in Paragraph 158 is a writing that speaks for itself and, therefore, any characterization thereof is denied. Except as expressly admitted, the remaining allegations are denied.

159. Admitted in part and denied in part. It is admitted only that Mr. Jefferson contacted the students' parents requesting interviews, and they informed him they were represented by counsel. By way of further response, Mr. Jefferson reached out to Plaintiffs' counsel. Except as expressly admitted, the remaining paragraphs are denied.

160. Denied. The report referenced in Paragraph 160 is a writing that speaks for itself and, therefore, any characterization thereof is denied. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and, therefore, deny same.

161. Admitted in part and denied in part. It is admitted only that Principal Thompson signed forms indicating that J. Hiester and M. Parmar committed harassment. Except as expressly admitted, the remaining allegations are denied. By way of further response, the forms indicating J. Hiester and M. Parmar committed harassment were dated August 29, 2024.

162. Admitted in part and denied in part. It is admitted only that Plaintiffs received documentation relating to the claims regarding the Incident. Defendants are incapable of responding to this paragraph in that "investigative materials' is not defined. Defendants specifically deny that any "verdict" was ever rendered and are incapable of responding to allegations regarding same. Except as expressly admitted, the remaining allegations are denied.

163. Denied. This paragraph sets forth conclusions of law to which no responsive pleading is required. As set forth in Interrogatory 147 and the response above, Mr. Jefferson contacted students'

parents to arrange interviews with the students and parents in connection with the investigation and, therefore, the remaining allegations of this paragraph are denied.

164. Denied. The Investigator's Report and the HIBster Report referenced in Paragraph 164 are writings that speak for themselves and, therefore, any characterization thereof is denied.

165. Denied. The letter dated August 29 referenced in Paragraph 165 is a writing that speaks for itself and, therefore, any characterization thereof is denied.

166. Admitted. Footnote 11 is denied.[3] Footnote 11 sets forth conclusions of law to which no responsive pleading is required.

167. Denied. It is specifically denied that Mr. Jefferson failed to include any information from Ms. Crayton or Ms. Trower. By way of further response, Mr. Jefferson communicated with both Ms. Crayton and Ms. Trower and obtained documentation from them regarding the Incident. It is also specifically denied that Ms. Trower watched the video of the Quiet Room.

168. Denied. This paragraph sets forth conclusions of law to which no responsive pleading is required. It is specifically denied that Mr. Jefferson failed to speak with Ms. Crayton and Ms. Trower.

169. Denied.

170. Admitted in part and denied in part. It is admitted that a Harassment, Intimidation and Bullying ("HIB") report ("HIBster Report") was issued regarding the Incident. It is further admitted that Jade Tuff is a teacher at Palumbo, faculty advisor to the Muslim Student Association, and was not present in the Quiet Room when the ;t occurred. Except as expressly admitted, the remaining allegations are denied. It is specifically denied that Jade Tuff completed the HIBster report. It is also

[3] In Plaintiffs' Amended Complaint, there are two footnote 10's. For the Court's convenience, Defendants refer to the second footnote 10 as footnote 11.

specifically denied that Palumbo administrators granted authority over the Quiet Room to the Muslim Students Association.

171. Denied. The HIBster Report referenced in Paragraph 171 is a writing that speaks for itself and, therefore, any characterization thereof is denied.

172. Denied. The HIBster Report referenced in Paragraph 172 is a writing that speaks for itself and, therefore, any characterization thereof is denied.

173. Denied. The HIBster Report referenced in Paragraph 173 is a writing that speaks for itself and, therefore, any characterization thereof is denied. It is specifically denied that the Quiet Room video is exculpatory evidence. It is also specifically denied that the conclusions were reached by Ms. Tuff.

174. Denied. The Principal's Summary and the HIBster Report referenced in Paragraph 174 are writings that speak for themselves and, therefore, any characterization thereof is denied. Plaintiffs' characterizations of Principal Thompson's mindset and/or beliefs are specifically denied.

175. Denied. The allegations in Paragraph 175 set forth legal conclusions to which no response is required. To the extent a response is required, the allegations in this paragraph are denied. The student statements are writings that speak for themselves and, therefore, any characterization thereof is denied.

176. Admitted in part and denied in part. It is admitted that on August 19, 2024, Principal Thompson sent a communication to Palumbo students and parents. The letter referenced in Paragraph 176 is a writing that speaks for itself and, therefore, any characterization thereof is denied. The allegations in Paragraph 176 set forth legal conclusions to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

177. Denied. The letter referenced in Paragraph 177 is a writing that speaks for itself and, therefore, any characterization thereof is denied. The allegations in Paragraph 177 set forth legal conclusions to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

178. Admitted in part and denied in part. It is admitted that Ms. Hiester requested a safety transfer. Except as expressly admitted, the remaining allegations are denied. This paragraph sets forth conclusions of law to which no responsive pleading is required. After a reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and, therefore, deny same.

179. Denied.

180. Denied as stated. The letters referenced in Paragraph 180 are writings that speak for themselves and, therefore, any characterization thereof is denied. By way of further response, Senior General Counsel sent the letters to Plaintiffs' counsel on September 5, 2024.

181. Denied. The allegations in Paragraph 181 reference Exhibit 20 which is a writing that speaks for itself and, therefore, any characterization thereof is denied.

182. Denied. The allegations in paragraph 181 reference Exhibit 21 which is a writing that speaks for itself and, therefore, any characterization thereof is denied

183. Denied. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, deny same.

184. Admitted in part and denied in part. It is admitted only that, upon information and belief, the Parmar family includes a child younger than Meru. The allegations regarding purported violations of statutory and constitutional rights in Paragraph 184 set forth conclusions of law to which no response is required. To the extent a response is required, the remaining allegations are denied.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and, therefore, deny same.

**COUNT I**

185. Defendants incorporate their responses above as though fully set forth herein. The Court dismissed Count I as to Defendant the School District. The Court also dismissed Count I as to the Free Exercise Clause claim. Accordingly, only the remaining Defendants Richard Gordon, Rashida Stamps, and Kiana Thompson respond to the allegations in Count I.

186. Denied. The allegations in Paragraph 186 set forth conclusions of law to which no responsive pleading is required. To the extent a response is required, the allegations are denied.

187. Denied. The allegations in Paragraph 187 set forth conclusions of law to which no responsive pleading is required. To the extent a response is required, the allegations are denied.

188. Denied. The statement referenced in Paragraph 188 is a writing that speaks for itself and, therefore, any characterization thereof is denied.

189. Denied. The allegations in Paragraph 189 set forth conclusions of law to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

190. Denied.

191. Denied.

192. Denied. The allegations in Paragraph 192 set forth conclusions of law to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

193. Denied.

194. Denied. The allegations in Paragraph 194 sets forth conclusions of law to which no responsive pleading is required. To the extent a response is required, the allegations are denied.

195. Admitted in part and denied in part. It is admitted only that M. Parmar and J. Hiester are no longer students of the School District. It is further admitted, upon information and belief, that the Parmar family has a younger child. The remaining allegations in Paragraph 195 set forth conclusions of law to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

196. Denied. The allegations in Paragraph 196 set forth conclusions of law to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

197. Denied. The allegations in Paragraph 197 set forth conclusions of law to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

**WHEREFORE**, Defendants Richard Gordon, Kiana Thompson, and Rashida Stamps respectfully request a judgment in their favor and against Plaintiffs, together with their costs, attorneys' fees, and such other relief as this Court deems just and proper.

**COUNT II**

Paragraphs 198 through 215. Defendants incorporate their responses above as though fully set forth herein. The Court dismissed Count II as to all Defendants and, accordingly, no response to the allegations in Count II is required. To the extent a response is required, the allegations in Paragraphs 198 to 215 in the Amended Complaint are denied.

**COUNT III**

Paragraphs 216 through 224. Defendants incorporate their responses above as though fully set forth herein. The Court dismissed Count III as to all Defendants and, accordingly, no response to the allegations in Count III is required. To the extent a response is required, the allegations in Paragraphs 216 to 224 in the Amended Complaint are denied.

**COUNT IV**

225. Defendants incorporate their responses above as though fully set forth herein. The Court dismissed Count IV as to Defendant the School District. Accordingly, only the remaining Defendants Richard Gordon, Rashida Stamps, and Kiana Thompson respond to the allegations in Count IV.

226. Denied. The allegations in Paragraph 226 set forth legal conclusions to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

227. Denied.

228. Admitted.

229. Denied. The allegations in Paragraph 229 reference a writing that speaks for itself and, therefore, any characterization thereof is denied.

230. Denied as stated. It is specifically denied that neither student had been given an opportunity to respond. On June 13, 2024, Principal Thompson stated that she would only meet with the individuals who had scheduled a meeting for that day and that she would schedule meetings with other students and parents on request and when Assistant Superintendent Gordon was available.

231. Admitted in part and denied in part. It is admitted only that M. Danowitz entered Palumbo through the front door. Except as expressly admitted, the remaining allegations are denied.

232. Admitted.

233. Denied. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 233 and, therefore, deny same. Defendants deny the remaining allegations in this paragraph as the video speaks for itself and, therefore, any characterizations thereof are denied.

234. Denied.

235. Denied.

236. Denied.

237. Denied. The letters referenced in Paragraph 237 are writings that speak for themselves and therefore, any characterization thereof is denied.

238. Denied.

239. Denied.

240. Denied. The allegations in Paragraph 240 set forth conclusions of law to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

241. Denied.

242. Denied.

243. Denied. The allegations in Paragraph 243 set forth conclusions of law to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

244. Denied. The allegations in Paragraph 244 set forth conclusions of law to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

245. Denied. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 245 and, therefore, deny same.

246. Denied. The allegations in Paragraph 246 set forth conclusions of law to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

247. Denied. The allegations in Paragraph 247 set forth conclusions of law to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

248. Denied. The OCR finding and resolution referenced in Paragraph 248 are writings that speak for themselves and, therefore, any characterization thereof is denied. The remaining

allegations in this paragraph are further denied as they set forth legal conclusions to which no response is required.

249. Denied. The allegations in Paragraph 249 set forth conclusions of law to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

250. Denied.

251. Denied.

252. Denied.

253. Admitted in part and denied in part. It is admitted only, upon information and belief, that the Parmar family includes a child younger than M. Parmar. The allegations in Paragraph 253 set forth conclusions of law to which no response is required. To the extent a response is required, the allegations in this paragraph are denied. Except as expressly admitted, the remaining allegations are denied.

**WHEREFORE**, Defendants Richard Gordon, Kiana Thompson, and Rashida Stamps respectfully request a judgment in their favor and against Plaintiffs, together with their costs, attorneys' fees, and such other relief as this Court deems just and proper.

## AFFIRMATIVE DEFENSES

1. Plaintiffs' Amended Complaint fails to state a claim for which relief can be granted.

2. Plaintiffs' claims are barred, in whole or in part, by the doctrine of high public official immunity.

3. Plaintiffs' claims are barred, in whole or in part, by the doctrine of governmental immunity.

4. At all relevant times, Defendants were acting within the scope of their official duties as agents and employees of the School District.

5. At all relevant times, Defendants were acting within the scope of their employment.

6. Plaintiffs' claims are barred, in whole or in part, because the conduct alleged did not cause Plaintiffs emotional distress. To the extent, Plaintiffs experienced emotional distress, if at all, such distress was not severe.

7. Plaintiffs' claims are barred, in whole or in part, by applicable statute of limitations.

8. Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches and/or estoppel.

9. The School District afforded Plaintiffs with all notice, hearings, procedures, protections, and opportunities required by applicable law and School District policy.

10. Plaintiffs received all processes that were due and were treated the same as other similarly situated individuals consistent with applicable law.

11. Defendants at all times acted in a manner that was proper, reasonable, lawful, and in good faith and to meet their obligations to provide a safe and productive workplace and educational environment.

12. Plaintiffs failed to take all reasonable and necessary steps to mitigate damages and injuries allegedly suffered in this case.

13. To the extent Plaintiffs suffered any legal or equitable damages, such damages were caused in whole or in part by their own acts, omissions, or conduct.

14. Plaintiffs' claim for punitive damages is barred as a matter of law as to Defendants Thompson, Stamps, and Gordon in their official capacities.

15. Plaintiffs have not established the necessary elements to recover punitive damages against Defendants.

16. Any losses suffered by Plaintiffs were caused by themselves.

17. The alleged actions of Defendants were not the proximate cause of the damages alleged by the Plaintiffs.

18. Defendants are entitled to recover reasonable attorneys' fees, expert's fees, costs, and expenses upon prevailing on any or all of the claims to the extent that such recovery is permitted by law.

19. Defendants reserve the right to assert additional affirmative defenses as their investigation of this matter continues.

**WHEREFORE**, Defendants Richard Gordon, Kiana Thompson, and Rashida Stamps respectfully request a judgment in their favor and against Plaintiffs, together with their costs, attorneys' fees, and such other relief as this Court deems just and proper.

**DILWORTH PAXSON LLP**

*/s/ Marjorie M. Obod*

MARJORIE M. OBOD, ESQUIRE
I.D. NO. 47531
1650 Market Street, Suite 1200
Philadelphia, PA 19103
(215) 575-7000
*Attorney for Defendants*

Dated: September 18, 2026

**CERTIFICATE OF SERVICE**

I hereby certify that on the below date a true and correct copy of Defendants' Answer and Affirmative Defenses to Plaintiffs' Amended Complaint was served upon all counsel of record and made available for viewing and downloaded by electronic filing through the CM/ECF System.

/s/ *Marjorie M. Obod*
MARJORIE M. OBOD

Dated: September 18, 2026